THE STATE, EX REL. GARRISON, *v.* BROUGH ET AL.

*Writ of prohibition — Purpose and scope — Confined to jurisdictional questions — Injunction — Title to and possession of public office.*

1. The writ of prohibition is an extraordinary legal remedy whose object is to prevent a court or tribunal of peculiar, limited or inferior power from assuming jurisdiction of a matter beyond its cognizance. The writ cannot be made to serve the purpose of a writ of error to correct mistakes of the lower court in deciding questions of law within its jurisdiction.

2. The power to award writs of prohibition having been conferred on this court by the constitution, and that instrument having provided that no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of this court, the power will always be exercised where it clearly appears that a court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause or is about to exceed its jurisdiction.

3. The remedy by injunction cannot be employed to try the title to a public office, but it may be resorted to by one in possession of a public office, under color of title, to protect his possession against the interference of an adverse claimant whose title is in dispute until the latter shall establish his title by law. (*Reemelin* v. *Mosby,* 47 Ohio St., 570, approved and followed.)

(No. 15074 — Decided February 29, 1916.)

IN PROHIBITION.

In this cause an application for a writ of prohibition against the court of common pleas of Lucas county and two of its judges, Hon. Bernard F. Brough and Hon. Byron F. Ritchie, was filed to prevent further action in a proceeding in injunction pending in that court, which was brought by John W. Dowd against Raymond T. Garrison.

Dowd was appointed a deputy state supervisor of elections of Lucas county on May 1, 1912, for a four-year term.

It is set forth in the petition filed in this court that on October 27, 1915, the secretary of state, as state supervisor of elections, removed Dowd for cause, and issued a certificate of appointment to Garrison as his successor for the unexpired term.

The petition sets forth in full detail all of the steps leading up to the removal of Dowd by the state supervisor, and alleges that they were all taken in full compliance with the statutes.

It is further alleged that Garrison at once qualified as the successor of Dowd and presented himself at the rooms of the board of deputy state supervisors as a member, and that he is now a *de facto* deputy state supervisor and inspector of elections and a member of said board *de facto,* and became and was and is vested with color of right to hold said office as against said Dowd until it shall be determined by a court of competent jurisdiction in appropriate proceedings that said order of removal was null, illegal and void.

The petition herein then alleges that on October 28, 1915, which was the day following the alleged removal, said Dowd brought a proceeding in the court of common pleas of Lucas county against Garrison, as defendant, praying for an injunction restraining Garrison "from interfering with said Dowd in the exercise of the duties of deputy state supervisor and inspector of elections, and from appearing at the office of said board, demanding said Dowd to vacate said office, and from in anywise obstructing, interfering with or hindering said Dowd in the performance of said duties;" that in his petition for an injunction Dowd "alleged the opinion and conclusions that he was then a duly appointed, qualified and acting deputy state supervisor and inspector of elections for said county and a member of said board, that his term would not expire until May 1, 1916, that he had not vacated said office, nor relinquished his rights therein or the exercise of the powers and duties thereof," and that Dowd's petition then proceeded to allege that he was summarily, arbitrarily and illegally removed pursuant to certain alleged fraudulent arrangements and contrivances by which pretended charges were to be and were alleged to have been presented against him as a justification for said removal.

The petition herein then further alleges that a temporary injunction was attempted to be granted by said Brough, defendant; that a motion to dissolve the same was overruled, and that unless prohibited by the order of the court the defendants would proceed with the hearing of the cause and the granting of a permanent injunction.

It is then alleged in the petition for prohibition that said steps have been, are and will be in flagrant excess and abuse of the legitimate jurisdiction of said court and judges, for the reason that the relator was a *de facto* officer and that said Dowd was not a *de facto* officer, but a mere pretender.

The defendants in the proceeding in this court, by their answer and return, set forth a transcript of the proceedings in the court of common pleas of Lucas county, which is here referred to in the petition for prohibition, with the exception of the testimony taken on the hearing of the motion to dissolve the temporary injunction.

The answer alleges that the defendants herein never assumed or attempted to exercise, and they would not assume or attempt to exercise, jurisdiction in said suit further than to enjoin said Raymond T. Garrison, defendant in said suit, from interfering with said John W. Dowd in the performance by Dowd of the duties and the exercise of the power incident to the office of a member of the board of state supervisors and inspectors of election of Lucas county, while said Dowd was in possession of said office, exercising such powers and performing such duties, and only until said Raymond T. Garrison should establish his title to said office, if title he has thereto, in an action at law, as required by the laws of Ohio for trying title to public office, or until the possession of said John W. Dowd should be otherwise terminated according to law.

The opinion of the judge overruling the motion referred to was also attached to the answer.

It is further alleged that the defendants have at all times refrained and will continue to refrain from assuming any jurisdiction in said suit to try the claimed title of said Dowd or said Garrison to the office referred to, and also that the defendants have proceeded in said suit with all reasonable dispatch.

The petition in the case of *Dowd* v. *Garrison,* a copy of which is attached to the answer, after alleging the appointment and qualification of Dowd and the date of the expiration of his term, and that he is now, and ever since his appointment has been, a duly appointed, qualified and acting deputy state supervisor, proceeds to set forth in full detail a certain alleged agreement and conspiracy to trump up, file and sustain charges for the removal of said Dowd by the state supervisor of elections.

It is alleged that said action was wilfully, knowingly and maliciously taken against the plaintiff and in disregard of his rights and in pursuance of the conspiracy referred to.

After setting out the alleged plan for the preparation and filing of said alleged false charges, the petition averred as follows:

"It was arranged, agreed and understood between said parties so conspiring as aforesaid that upon the filing of said false charges aforesaid said Hildebrant would pretend to give the plaintiff a fair and impartial hearing upon said charges and to carry out said appearances would send to plaintiff a copy of said charges and appoint a day and hour at which plaintiff would be required to appear before him at his office in the capitol building of Co-

lumbus, Ohio, but that said Hildebrant would wilfully and knowingly with the consent and at the request of said other parties so conspiring with him as aforesaid and in disregard of plaintiff's rights in that behalf appoint as the time for said hearing the hour of one o'clock P. M. of Tuesday, September 7, 1915, at which time said parties so conspiring as aforesaid, knew that it would be impossible for plaintiff to secure the attendance of any of his material witnesses in his behalf to meet and defend against said charges, it being the fact, as said parties so conspiring as aforesaid well knew, that said McCarthy, Dennis and Van Loo and one Dennis F. Sullivan, deputy clerk of said board, and one, Austin Gibbons, clerk and stenographer of said board, each of whom was a material witness for plaintiff in his defense to said charges and without whom or any of them he could not safely have gone to said hearing, were compelled to remain on duty in their respective positions aforesaid for the purpose of conducting a special election in Springfield township, Lucas county, Ohio, throughout said day of September 7, 1915, and to make a complete preparation, that is, provide and have provided the necessary ballots, place and locate the necessary election booths and furnish all necessary supplies to the election officers in said booths and fill vacancies of booth officials in the 249 voting precincts in the city of Toledo, Ohio, for a primary election for the nomination of candidates for the various city and ward offices of said city of Toledo, Ohio, which was to be held, and which said parties so conspiring well knew was to be held, on Tuesday, September 14,

1915.  It was further a part of said plan and conspiracy by and among said parties so conspiring as aforesaid and it was agreed, arranged and understood between them if the plaintiff should, by any means be able to produce his said witnesses at said hearing or at any continuation thereof, said Hildebrant would hear their testimony in behalf of plaintiff, but that he would give such hearing simply for the purpose of giving the appearance of an intention on his part to deal fairly with plaintiff.  It was planned, agreed and understood however, between said parties that notwithstanding any testimony which might be offered by plaintiff in his behalf showing the falsity of said charges aforesaid, he, said Hildebrant would attempt to remove the plaintiff from his said office aforesaid and would make and enter the order of removal of plaintiff from said office as hereinbefore mentioned."

The petition then proceeds with the allegation that the state supervisor and inspector of elections, in pursuance of said conspiracy and agreement, summarily and arbitrarily removed the plaintiff from his office, although he knew that the plaintiff was innocent of the pretended charges so made against him.  Certain arbitrary proceedings are alleged to have taken place in the carrying out of this purpose, and it is then alleged that the state supervisor attempted to and did issue a certificate of appointment to the defendant, Garrison, that the defendant pretended to and did take an oath of office, attempted otherwise to qualify for said office and "demanded of plaintiff that he be allowed to enter upon the duties of a member of said board succeed-

ing this plaintiff, and threatens to interfere and is interfering with this plaintiff in the performance of his duties as a member of said board as aforesaid and is attempting to, and, unless restrained by this court will continue to attempt to interfere with and hinder plaintiff in the discharge of plaintiff's duties," although the said defendant, Garrison, had not been recommended by the Republican executive committee of Lucas county, and that other steps required by law to be taken in order to legally make an appointment were not complied with.

The prayer of the petition was "that a temporary order may be allowed restraining defendant from further interfering with plaintiff in the exercise of plaintiff's duties in said office aforesaid and from appearing at the office of plaintiff and said board demanding of plaintiff to vacate said office and from in anywise obstructing, interfering with or hindering plaintiff in the performance of his said duties as member of said board; and upon hearing hereof said restraining order and injunction may be made permanent, and that defendant may be permanently enjoined from in anywise interfering with, hindering or obstructing plaintiff in his incumbency of said office or in the exercise of his powers and duties therein as such officer and member; and plaintiff prays for all other proper relief."

There was also included in the answer of the case at bar a copy of the opinion of the common pleas court of Lucas county overruling the motion to dissolve the temporary restraining order issued in that case.

*Mr. Ben W. Johnson* and *Mr. Harry F. West,* for relator.

*Messrs. Denman & Wilson,* for defendants.

JOHNSON, J.   The application by the relator for the issuance of the extraordinary writ of prohibition is based upon the contention that the court of common pleas of Lucas county had no jurisdiction to entertain the petition for injunction referred to in the petition of the relator, and no power to grant the relief prayed for in that petition.

There is substantial agreement in the authorities and between counsel in this case as to the nature, extent and necessary circumstances for the proper application of the unusual writ of prohibition.

The object of the writ is to prevent a court or tribunal of peculiar, limited or inferior power from assuming jurisdiction of a matter beyond its legal cognizance.   Established order and the respect due to properly constituted inferior courts require that it should never issue unless it clearly appears that the inferior court is about to exceed its jurisdiction. The writ cannot be made to serve the purpose of a writ of error, to correct mistakes of the lower court in deciding questions of law or evidence within its jurisdiction.

The proper function of prohibition is to check usurpations of inferior tribunals and to confine them within the limits prescribed by law for their operations.   It does not lie to prevent a subordinate court from deciding erroneously or from enforcing an erroneous judgment in a case in which it has a right to adjudicate.   In all such cases the aggrieved

party must pursue the ordinary remedies for the correction of errors. However, the inclusion of prohibition, by the recent constitutional amendments, among the enumerated subjects of original jurisdiction in this court, accompanied by the general provision that no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court, admonishes us that where it appears that a court or tribunal whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, a party who has no other adequate remedy is entitled to a writ of prohibition as a matter of right. *Ex debito justitiae.*

It should be kept in mind that, subject to these limitations, this prerogative writ should be used with great caution and forbearance for the furtherance of justice and in the exercise of a sound discretion, to be determined in accordance with the circumstances of each particular case.

The relator claims that the allegations of Dowd, in his petition filed in the common pleas of Lucas county, disclose that the court did not have jurisdiction to grant any injunctive relief. The defendants, on the other hand, claim that the petition of Dowd, which is attached to their answer in this case, shows that it had such jurisdiction. Defendants also allege that the record under investigation demonstrates that they never assumed or attempted to exercise, and they aver that they would not assume or attempt to exercise, jurisdiction in that suit further than to enjoin Raymond T. Garrison, defendant (relator herein), from interfering with

Dowd in the performance of the duties and the exercise of the powers incident to the office of a member of the board referred to, while he was in possession thereof exercising its duties; and *then,* only until said Garrison should establish his title to said office, if title he has thereto, in an action at law, as required by the laws of Ohio for trying title to public office.

It has come to be well settled that an incumbent of a public office may employ the remedy by injunction to protect his possession against the interference of an adverse claimant, whose title is in dispute, until the latter shall establish his title by law, but it is not the appropriate remedy to try the title to a public office or to determine questions concerning the authority to make appointments thereto. This proposition has been distinctly decided in *Reemelin et al.* v. *Mosby,* 47 Ohio St., 570; *Harding* v. *Eichinger,* 57 Ohio St., 371, and *Holbrock* v. *Smedley,* 79 Ohio St., 391.

In *Harding* v. *Eichinger, supra,* the petition of the plaintiff below, Eichinger, alleged in substance that he had been elected as a member of the board of education of the city of Mansfield, by the voters of his ward, and was duly qualified as such officer; that thereafter, on the third Monday of that month, he met with the board in session and attempted to exercise his rights, privilege and franchise by voting to organize said board in the election of its officers and by participating in the other necessary business of the body, but was unlawfully and forcibly prevented in the performance of his duties by the defendant below, Harding, who was then and

there neither a resident or elector of said ward nor a member of said board, but defendant did then and there unlawfully usurp the office and membership of the plaintiff; that defendant voted for candidates for the offices aforesaid and acted on other business of the board; that defendant's vote and action aforesaid were all accepted and recorded by a pretended president and clerk.

An injunction was prayed for and the court, in its opinion, say: "The plaintiff below mistook his remedy. The petition shows that Harding, and not Eichinger, was in possession of the office when the action was commenced. Injunction may be resorted to by the incumbent of a public office to protect his possession against interference by an adverse claimant until the latter establishes his title, but is not the appropriate remedy to try the title. *Reemelin* v. *Mosby,* 47 Ohio St., 570. *Quo warranto* is the proper form of remedy."

It is alleged in the petition filed by Dowd in the court below that on May 1, 1912, he was appointed by the state supervisor and inspector of elections as a deputy state supervisor and inspector of elections for the term ending May 1, 1916; that he took the oath of office and entered on the performance of its duties; that since that time he has been the duly qualified and acting deputy state supervisor and that his term of office will not expire until May 1, 1916.

The relator here, admits the due appointment and qualification of Dowd as such deputy state supervisor, and that he was duly and legally acting as such, until his removal, but joins issue with the de-

fendants as to the possession by Dowd on October 28th, the date of the filing of his petition in the court of common pleas.

The claim of the relator is that he himself on that day took the oath of office and entered on the discharge of its duties "by requesting and attempting to obtain a meeting of said board for the purpose of investigating irregularities and nonperformance of duty by election officers," and demanded of said Dowd that "your relator enter, without interference, upon the further and complete discharge of his duties, and attempted to, and, if he had not been restrained * * * would have continued," etc. Therefore, there was presented to the common pleas court by Dowd a case which entitled him, under the rule which has been established by the consistent holdings of this court, to an injunction restraining Garrison from interfering with him in his possession of the office until Garrison should establish his title by a proper proceeding at law. That issue (as to possession) was one which Garrison was entitled to have heard by the court of common pleas, and we are forced to presume that that court would have proceeded to determine it impartially between the parties. If that court had found that Dowd was in possession under color of title, it would have been its duty to grant the injunction as above stated, and if it had found that Garrison was in possession at the time of the commencement of that suit, it would have been its duty to dismiss the proceeding. This conclusion would of itself require the dismissal of this application for a writ of prohibition. On

the record it is shown that the relator has mistaken his remedy.

It is insisted by the relator that the allegations in the petition of Dowd in the court below, subsequent to those to which we have referred, are wholly insufficient to justify an inquiry into the act of the state supervisor in removing Dowd. Even if this were conceded it would not determine or preclude the question of possession by Dowd under color of title, which is the essential matter in determining the jurisdiction of the court of common pleas in the original proceeding. It must not be overlooked that the only order that court could make would be one enjoining Garrison until he had established his title by a proper proceeding.

It being conceded by both parties that the common pleas court in the injunction proceeding had no jurisdiction to try and determine the title, it follows that the allegations in the petition of Dowd in the court of common pleas, which relate to the alleged conspiracy and fraudulent steps which led up to his removal, were irrelevant, except as they might relate to the possession of Dowd under color of title at the beginning of the suit. Those allegations affect the validity of the proceedings for the removal of Dowd, the validity of Garrison's title and the right of Garrison to the possession of the office, and they would be relevant and appropriate in a proper action to determine the validity of those proceedings. *The State, ex rel. Gongwer,* v. *Graves,* 90 Ohio St., 311.

In this case it is sufficient to say that Dowd, in his petition in the court of common pleas, denied

Opinion, per JOHNSON, J.

the validity of the proceedings by which he was removed, asserted title to the position and alleged that he was in possession under color of his original title, which is admitted by the relator to have been valid, and the court of common pleas in the injunction proceeding could entertain jurisdiction to determine only the question of such possession and enter its decree in accordance therewith. We think it clear that it is not shown from this record that the court of common pleas has, in the proceeding referred to, abused or usurped judicial functions or that it is attempting to go beyond its proper jurisdiction.

It was not contemplated by the people, when they adopted the amendment referred to, that this court would interfere with the proper exercise by inferior courts of the functions and the jurisdiction conferred upon them under the provisions of the constitution. It was intended to be an efficient aid in preventing the abuse or usurpation of judicial functions. It was added to our jurisdiction when new and substantial limitations were made therein. It came with other fundamental matters, in response to what the people regarded as a need created by the changing experiences of our situation, to take its place in our constitutional system of checks and balances through which thus far the spirit of our institutions has been fulfilled.

*Writ refused.*

NICHOLS, C. J., DONAHUE, NEWMAN and JONES, JJ., concur.