Ferneding, J.
An ex parte application is made for a writ of prohibition against further proceedings in the case of Clarence C. Casebolt against the applicant in a proceeding pending in the court of common pleas of Franklin county. This writ can not be made a substitute for a proceeding in error. State, ex rel. Broenstrup, v. The Court of Common Pleas of Montgomery County (decided by the supreme court June 3, 1913, 11 O. L. R., 72,) and State, ex rel. Garrison, v. Brough et al., 94 Ohio St., 115.
*245 In order to invoke the writ, there must be an absolute want of jurisdiction. Jurisdiction is determined by the pleadings. It is admitted in the case at bar that the petition contained an averment that the applicant’s railroad extended into Franklin county. This averment was sufficient to invoke the jurisdiction of the court of common pleas of Franklin county. The case is similar to that of a party brought in from another county because of a joint liability with a party over whom the court has jurisdiction. See Allen v. Miller, 11 Ohio St., 374.
In such case the question of jurisdiction must be met in that case by tendering an issue of fact which the court has jurisdiction to decide and the decision may be reviewed on error. We think this rule is not changed by the fact that counsel for the plaintiff in the action in the court of common pleas admitted on the hearing of a motion to dismiss for want of jurisdiction that the railway company did not extend into Franklin county. This admission formed no part of the pleadings and would be merely evidence upon which the court of common pleas might be justified in acting in determining the issue of fact as to jurisdiction.
We have therefore reached the conclusion that the applicant’s remedy is error and not prohibition.

Application refused.

Kunkle and Allread, JJ., concur.