Newman, J.
The relator bases his right to a writ of prohibition upon the ground that the court . of appeals was without authority to render judgment against him in the proceeding on appeal from the court of insolvency. It is urged by defendants that no question was raised as to the jurisdiction of the court of appeals until after the decision of that court had been announced and the cause decided adversely to the relator, and that therefore the appealability of the cause from the court of insolvency cannot be challenged in this proceeding. They rely upon the rule announced in Drake et al., Trustees, v. Tucker et al., 83 Ohio St., 97, and followed in, Cadwell v. Cadwell, 93 Ohio St., 23. After the issues were made up in this court in the instant case, a master commissioner was appointed to take testimony and proofs. The several witnesses, including the judges of the court of appeals, testified as to what steps had been taken and what had been done in the hearing in that court prior to the rendition of the judgment which the relator insists should not be enforced. There was testimony to the effect that it was not until after the decision of the court of appeals had been announced that the relator made a motion to dismiss the appeal. We have before us a certified copy of the record of the court of appeals.
As has 'been said by this court, a record is made of a judicial proceeding for the purpose of preserving the evidence of what was transacted in *362 the proceeding. What shall constitute the record is regulated by statute. Section 11604, General Code, provides that all judgments shall be entered on the journal of the court. It is to be presumed that they are entered on the day on which they are rendered. The word “decision” is defined by Spear, J., in The Buckeye Pipe Line Co. v. Fee, 62 Ohio St., 543, 555: “Is intended to embrace the last act of the court ; in other words the judgment.” It appears from the record before us that the judgment of the court of appeals was rendered May 20, 1916. If this did not conform to the facts, a method is provided for correcting it — by applying to the court where the record is made. But a reviewing court has no control of the matter, nor power to make a correction. It must take the record as it finds it and is bound by what is legitimately and properly there. This being true, the record before us is conclusive of the fact that the decision or judgment of the court was rendered on May 20, 1916, and of the further fact that the motion to dismiss the appeal was filed on April 17, 1916.
In Drake et al., Trustees, v. Tucker et al., supra, it was held that' the question of the appealability of a case could not be effectively made except by a motion to dismiss the appeal interposed in the circuit court before the trial in that court. In a later case, The State, ex rel. Lander, v. Prestien et al., 93 Ohio St., 423, Donahue, J., in referring to the word “trial,” as used in the syllabus of Drake v. Tucker, says, at page 427, that this word, when construed with reference to the facts presented by the record, in that case, is intended to include as a part of the *363 trial not only the introduction of evidence and the argument of counsel, but also the judgment of the court upon the issues joined and submitted to it, It was held in the Prestien case that the rule announced in Drake v. Tucker did not apply where the motion to dismiss the appeal was interposed before judgment, and for the same reason it does not apply here. The relator is, therefore, not precluded from challenging the appealability of the order under consideration and questioning in this proceeding the jurisdiction of the court of appeals.
In his motion to dismiss the appeal, filed in the court of appeals, the relator called attention to the fact that the order from which the appeal was taken was made on October 15, 1912, and that no appeal bond was filed within thirty days as required by law. He insisted that the court of appeals, therefore, was without jurisdiction to hear the cause. There was no suggestion, however, that the case was not one in chancery and for that reason could not be appealed under the provisions of Section 6, Article IV of the Constitution, as amended September 3, 1912. However, this question presents itself and will be considered presently.
But in our view when Walser filed the proceeding in the court of appeals on October 27, 1915, he was not appealing from the order made by the court of insolvency on October 15, 1912, for it appears from the record that on August 6, 1915, he filed a motion in the court of insolvency, in which he represented that there had been a partial failure of consideration in the assets purchased by him, and moved the court for an order reducing the amount *364 of the purchase money for the assets in the sum of $400. The court of insolvency took jurisdiction of this motion; heard it, found the same not well taken, and overruled it on September 22, 1915. The reason for this ruling is not disclosed by the record, but the court no doubt treated the issue or question presented as res adjudicata- — that the same question had been disposed of on the hearing of a similar motion in 1912. This certainly was a matter within the jurisdiction of the- court of insolvency. It had authority to pass upon the question, and for the purposes of this case we may assume that it was correct in its holding. But can it be said that the order made was final and conclusive? Had the order been adverse to the receiver and had he been required to rebate the sum of $400, could not the jurisdiction of the court of appeals have been invoked ? If an appeal or a proceeding in error was available to the one party, we do not see upon what theory it could be denied the other.
It remains, then, to be determined whether the order of September 22, 1915, was one from which an appeal could be had to the court of appeals under the provisions of Section 6, Article IV of the Constitution. If it were appealable, the court of appeals had the right to hear the question presented and to decide in the first instance whether or not it was res adjudicata, and, if it should hold that it was not, to determine then from the evidence whether the appellant was entitled to relief.
The order made by the court of insolvency on September 22, 1915, was made in the receivership *365 proceeding instituted in that court under favor of Section 1637, General Code, by the provisions of which section that court is given jurisdiction concurrent with the court of common pleas under Section 11894, General Code, which relates to receiver-ships. The proceedings had in the court of insolvency were of an equitable nature, and made a chancery case. This was the holding in the recent case of Thompson et al. v. Denton, ante, 333.
The order made by the court of insolvency in the instant case affected the substantial right of the creditors represented by the receiver, and it was such an order as would be included in the term “trial,” as used in the constitutional provision relating to appeals to the court of appeals. The subject of the right to appeal from such an order is fully discussed in Thompson et al. v. Denton, supra, and the reasons given why the order under consideration in that case was appealable apply with equal force to the order under consideration here.
The court of appeals in the hearing of the appeal evidently did not entertain the same view as the court of insolvency on the question of res adjudicata. Its holding in that respect may have been erroneous. If it was, and it had further appeared to this court on application for an order of certification that the case was one of public or great, general interest, this court would have reviewed the judgment and would have reversed it. No application, however, was made for an order of certification. But it is argued that as the case was not of public or great general interest no ground for such an order existéd and that an ap *366 plication on the part of the relator would have availed him nothing. This may be true, and we then have a case where the judgment of the court of appeals, although erroneous, is nevertheless final and not subject to review. This condition is brought about by the constitutional provision which makes the judgments of the court of appeals final except in certain cases specifically pointed out by the constitution. If the relief asked for by the relator is grapted the effect would be to nullify, merely because erroneous, the judgment of the court of appeals in a case of which it had jurisdiction and in which its judgment was final. As was held in State, ex rel. Garrison, v. Brough et al., 94 Ohio St., 115, the writ of prohibition cannot be made to serve the purpose of a writ of error to correct mistakes of the lower court in deciding questions of law within its jurisdiction. For the reasons given in that case, such proceeding does not lie to prevent an inferior 'court from enforcing an erroneous judgment in a case which it has a right to adjudicate.

Writ refused.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.