Newman, J.
The plaintiff is asking that a writ of prohibition issue. The jurisdiction of the probate court of Fayette county in the probate of the will of John B. McLean and in the issuing of letters testamentary thereon is challenged. The probate courts of this state are courts of record and have jurisdiction in probate and testamentary matters. (Sections 7 and 8, Article IV of the Constitution.) It has.been held repeatedly that these courts are in the fullest sense courts of record, belonging to the class whose records import absolute verity, and competent to decide on their own jurisdiction. They have full jurisdiction to adjudicate all questions arising in proceedings properly before them. In the hearing of an application to probate a will a probate court has jurisdiction to fully and finally determine all questions involved in.the application, including that of the domicile of the testator, and the judgment of the court is protected by the same rule as to collateral attack as other judgments of courts of record. Wilberding, Admr., v. Miller et al., 90 Ohio St., 28.
On May 27, 1916, a paper writing dated December 29, 1915, purporting to be the last will and testament of John B. McLean, was offered for pro *15 bate in the probate court of Fayette county. The application for probate contained allegations of-facts sufficient to establish the jurisdiction of the probate court, among which was the allegation that McLean was a resident of Fayette county. Notice was served upon his widow and his next of kin, as required by Section 10507, General. Code. Two of the next of kin of McLean contested the jurisdiction of the probate court of that county to entertain the application for probate. This they had the right to do under Section 10520, General Code, which gives to any person interested in the probate of a will the right to contest the jurisdiction of the court to entertain the application. The challenge to the jurisdiction was based upon the ground that McLean was not at the time of his death a resident of Fayette county, but was a resident of Franklin county, the claim being that McLean, on May 21, 1915, had been adjudged by the probate court of Franklin county to be a resident of Franklin county and an imbecile, that a guardian had been appointed of his person and property, that said order and judgment had remained in full force and effect until McLean’s death, and that his residence in Franklin county therefore had been unalterably fixed.
The proceeding in Fayette county which .had to do with the probate of the will and the issuing of letters testamentary thereon was one properly before the court and within its constitutional jurisdiction. That court, under the authority of Wilber ding, Admr., v. Miller et al., supra, had power to determine the question of jurisdiction. Counsel in elaborate and exhaustive briefs and in oral argu *16 ment have discussed the effect of the adjudication as to the residence of McLean in the guardianship proceeding in the probate court of Franklin county, and the question whether or not the residence could be changed by any act of the ward. But the probate court of Fayette county, having jurisdiction of the subject-matter, had the right to and it was its duty to inquire into the matter of the residence of McLean. This was a jurisdictional fact which that court had the power to determine. It may have been erroneous in its decision, but, as was held in The State, ex rel. Garrison, v. Brough et al., 94 Ohio St., 115, followed in Kelley, Judge, v. The State, ex rel. Gellner, 94 Ohio St., 331, the writ of prohibition cannot be made to serve the purpose of a writ of error to correct mistakes of a lower court in deciding questions of law within its jurisdiction. In the Kelley case, the relatrix based her action for a writ of prohibition upon two grounds, one of which was that the insolvency court of Hamilton county was without jurisdiction in a certain divorce proceeding, for the reason that the plaintiff in that proceeding had not been a resident of the state of Ohio for one year next preceding the filing of the petition. What is said in the opinion in that case in reference to the residence of the plaintiff in the divorce proceeding applies to the matter of residence in the instant case. It is said, at page 341:
“Whether or not the plaintiff in the divorce proceeding had been a resident of the state one year prior to the time of filing his petition for divorce was a question of fact about which there might be, *17 and in this case apparently was, some dispute. In all cases where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, and it should not consider whether the court below erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with its exercise of jurisdiction.”
It is to be noted that in the application for probate filed in the probate court of Fayette county there was a statement that McLean had an estate in that county, and it is urged by counsel for the defendant that that fact, under the provisions of Section 10511 et seq., General Code, would authorize the probate of the will in that county, although McLean had not been a resident thereof. Counsel for relator, however, say that Section 10511 became a law October 1, 1840, while Section 10604, which provides that upon the death of an inhabitant of this state letters testamentary shall be granted by the probate court of the county in which he was an inhabitant or resident at the time he died, did not become effective until November 1st of -that year, and that Section 10511, in so far as it authorizes the original probate of the will of a deceased inhabitant of this state in any county other than the county of last residence, being absolutely inconsistent with the provisions of Section 10604, was repealed by Section 10604. But, in our view of the case, it is unnecessary to consider the question *18 here, for it appears that upon the hearing of both the application for probate and the application for letters testamentary there was a finding by the probate court that McLean was a resident of Fayette county. When this finding was made and the other statutory requirements were complied with the court was authorized to admit the will to probate and issue letters testamentary thereon. It may have been erroneous in its decision, but the person aggrieved had an adequate remedy at law to correct the error. Section 10521, General Code, provides that the decision of the probate court as to its jurisdiction may be reviewed on error, and plaintiff in this case prosecuted error to the court of common pleas where the judgment of the probate court was affirmed. It appears that an error proceeding is now pending in the court of appeals of Fayette county to review the judgment of the court of common pleas. If the judgments of the probate court of Fayette county in admitting the paper writing to probate and in issuing letters testamentary thereon were erroneous, it is to be presumed that these judgments will be reversed.
Again, in this proceeding we are concededly not concerned with the question whether the paper writing admitted to probate by the probate court of Fayette county was or was not the last will and testament of John B. McLean, or whether or not he was competent to make a will on December 29, 1915, while the adjudication of imbecility was in full force and effect and while he was under guardianship. That qttestion, of course, can be determined in an independent action to contest the will. *19 To conclude, if the judgment of the probate court of Fayette county was based upon erroneous conclusions of law or fact, it was subject to attack in a proceeding in error. It cannot be reviewed or set aside in a proceeding in prohibition.

Writ refused.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.