Donahue, J.
This court held in the case, of State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264, that “The writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.”
To the same effect is the decision of this court in the case of State, ex rel. Garrison, v. Brough, 94 Ohio St., 115.
The jurisdiction of the court of appeals is conferred by the Constitution of the state of Ohio, as amended September 3, 1912. (Cincinnati Poly *510 clinic v. Balch, 92 Ohio St, 415.) Therefore any question relating to the jurisdiction of that court involves a question arising under the constitution of this state, and in all such cases error may be prosecuted in the supreme court of this state. The relators in this case, therefore, have a regular, ordinary and adequate remedy at law.
It was further held by this court in the case of State, ex rel. Barbee, Exr., v. Allen, ante, 10, that where a court has jurisdiction of the subject-matter of a cause, the writ of prohibition cannot be made to serve the-purpose of a writ of error to correct mistakes of a lower court in deciding questions of law within its jurisdiction. In that case it was sought by writ of prohibition to prohibit the probate court of Fayette county from further proceedings in the matter of the probate of a will and settlement of an estate, after that court had found and determined that it had jurisdiction and admitted the will to probate.
This court held in that case that the probate court is vested by’the constitution with jurisdiction in probate and testamentary matters, and is recognized as competent to decide on its own jurisdiction and to exercise it to final judgment.
This is also held in the case, of Shroyer, Gdn., v. Richmond et al., 16 Ohio St, 455; The C., S. & C. Rd. Co. v. Village of Belle Centre, 48 Ohio St., 273; Crawford, Admr., v. Zeigler et al., 84 Ohio St, 224, and Wilberding, Admr., v. Miller et al., 90 Ohio St., 28.
If probate courts are competent to decide on their own jurisdiction and to exercise that jurisdiction *511 to final judgment, certainly the same must be true with reference to the courts of appeals in this state, which, by the provisions of the Constitution of Ohio, are clothed with final jurisdiction in all cases excepting those involving questions arising under the Constitution of the United States or the state of Ohio, felony cases, cases of which it has original jurisdiction, cases of public or great general interest, and cases where the judges of the court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state.
The constitution of this state-vests in the court of appeals appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.
It is admitted in this case that the cause attempted to be appealed from the common pleas to the court of appeals is a chancery case. It is also admitted that a petition in error has been filed in the court of appeals to review the judgment of the court of common pleas in the same case. Therefore, under the plain provisions of the Constitution, the court of appeals has jurisdiction of the subject-matter of both the appeal and error proceedings; and it is competent to pass upon its own jurisdiction. If it makes a mistake in that regard, the remedy is by error, and not by writ of prohibition ; for this high prerogative writ will not be used either to deprive the court of appeals of its au *512 thority to determine its own jurisdiction, or to correct any errors or mistakes that court may make affecting its jurisdiction in any cause.
This court has not considered, and will not consider, in this proceeding whether the appellate jurisdiction of the court has been properly invoked by appeal or error proceedings, or whether such appeal or error proceedings áre prematurely brought, or whether the appeal or error proceedings are directed to a judgment or final order, or any other of the questions presented by the relators’ petition touching the question of the jurisdiction of the court of appeals. If the relators desire to make such questions in this court, it can be done only in the regular and ordinary way.
The demurrer to the petition is sustained, and the petition of the relators dismissed.

Writ refused.

Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.