Donahue, J.
The petition of the relator asks that a writ issue, prohibiting the common pleas court of Cuyahoga county from exercising jurisdiction in a cause pending in that court, in which cause it is sought to enjoin the relator from charging or collecting within the city of Cleveland any *165 other or different rate for telephone service than that fixed by an ordinance of that city.
The common pleas courts of this state are courts of general jurisdiction. Under the provisions of' Section 4, Article IV of the Constitution of Ohio, they are capable of receiving and exercising to final judgment all judicial powers conferred upon them by the general assembly of this state.
Sections 11876 and 11877, General Code, vest in the common pleas courts authority to grant or refuse an injunction in an action in which an injunction is the proper remedy, or where it is necessary or incident to the relief sought. The only limitation on this authority is found in Section 549, General Code (103 O. L., 816), which section provides that no court other than the supreme court of this state shall have authority to “review, suspend or delay any order made by the [public utilities] commission, or enjoin, restrain or interfere with the commission or any member thereof in the performance of official duties.”
It appears from the petition of relator that the public utilities commission of Ohio has made no order fixing telephone rates to be charged in Cleveland ; that that commission and no member thereof is a party to cause No. 160905 on the docket of the common pleas court of Cuyahoga county; and that the public utilities commission is proceeding to hear and determine the questions arising upon the schedule of rates filed by the relator and the protests and complaints against the reasonableness of such rates. It follows, therefore, that under the provisions of Sections 11876 and 11877, General *166 Code, the common pleas court of Cuyahoga county has jurisdiction of the cause of action pending before it, and is entitled to exercise that jurisdiction to final judgment. The relator, if aggrieved by such final judgment, has a full and adequate remedy at law.
It was held by this court in the case of State, ex rel. Nolan, v. ClenDening et al., 93 Ohio St., 264, that “The writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.” The third paragraph of the syllabus in that case declared that the purposes of this writ are “to keep such courts or tribunals within the limits of their own jurisdiction.”
In the case of State, ex rel. Garrison, v. Brough, 94 Ohio St., 115, it was declared by this court, in the first paragraph of the syllabus, that “The writ of prohibition is an extraordinary legal remedy whose object is to prevent a court or tribunal of peculiar, limited or inferior power from assuming jurisdiction of a matter beyond its cognizance. The writ cannot be made to serve the purpose of a writ of error to correct mistakes of the lower court in deciding questions of law within its jurisdiction.” In the opinion it is said (page 123) that a writ of prohibition “does not lie to prevent a subordinate court from deciding erroneously or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In all such cases the aggrieved party must pursue the ordinary remedies for the correction of errors.” Again, in the *167 opinion, on page 129, it is said: “It was not contemplated by the people, when they adopted the amendment referred to, that this court would interfere with the proper exercise by inferior courts of the functions and the jurisdiction conferred upon them under the provisions of the constitution.”
In the case of State, ex rel. Faber, v. Jones, 95 Ohio St., 357, it was held that “A writ of prohibition will not be issued to prevent an inferior court from enforcing an erroneous judgment in a case which it had a right to adjudicate.”
In the case of State, ex rel. Barbee, Exr., v. Allen, Probate Judge, 96 Ohio St., 10, a writ of prohibition was refused, for the reason, as stated in the first paragraph of the syllabus in that case, that “The probate court, vested by the constitution with jurisdiction in probate and testamentary matters and recognized as competent to decide its own jurisdiction, has power to determine whether a will is entitled to probate and whether letters testamentary thereon shall issue.”
It is said further, in the second paragraph of the syllabus, that in such action the judgment or order of a probate court “however erroneous the conclusions of law and fact upon which the judgment or order is based may be, cannot be reviewed or set aside by a superior court in a proceeding in prohibition.”
In the case of The State, ex rel. The Emery-Thompson Machinery & Supply Co. et al., v. Jones et al., Judges, Id., 506, this court held that “A writ of prohibition will not issue to the court of appeals prohibiting that court from determining its own *168 jurisdiction in cases wherein jurisdiction of the subject-matter in an original action, or on appeal or in error proceeding, has been conferred upon that court by the constitution of this state.”
In the case of The State, ex rel. The Hartford Life Ins. Co., v. Bonds et al., Id., 604, the relator sought a writ of prohibition against the common pleas court and the judges of the common pleas court of Franklin county, prohibiting that court from the exercise of jurisdiction in a cause pending therein, for the reason averred in the petition, that the 'court of common pleas of Franklin county had no jurisdiction to regulate and control the conduct of the internal affairs of the relator, an insurance company domiciled in the state of Connecticut. This court, however, refused to interfere with the common pleas court of Franklin county in the exercise of its authority to determine its own jurisdiction, and cited in support of that judgment the Ohio cases hereinbefore referred to.
It is clear, therefore, that, no matter what may be the rule in other jurisdictions, this court has consistently held that a writ of prohibition will not issue against a court having jurisdiction of the subject-matter of an action pending before it, or to deprive such court of the authority vested in it by the laws of this state to determine its own jurisdiction, or to prevent a possible erroneous judgment; nor will it be made to serve the purpose of a writ of error. It is equally well settled that where a writ of prohibition is refused this court will not presume to determine the issues joined by the pleadings in the cause pending in the court against *169 which the writ of prohibition is sought. Nor will it offer any gratuitous advice as to the judgment that court should enter upon such issues.
In such an action this court has no authority to control the discretion of, or indicate the judgment that should be entered by, the tribunal having jurisdiction to determine the question involved in the action or proceeding pending before it. On the contrary, the lower court must be left free to enter such judgment as to it seems right and proper. If the judgment entered is erroneous, the party aggrieved thereby has a full and adequate remedy by invoking the appellate and not the original jurisdiction of a reviewing court. In the case of State, ex rel., v. Brough, supra, this court in its opinion discussed only the question of the jurisdiction of the common pleas court of Lucas county. It did not determine the question pending before the common pleas court or advise that court how it should decide that question. In the case of State, ex rel. Barbee, v. Allen, supra, this court expressed río opinion whatever as to how the questions involved should be determined, or what judgment should be entered by that court. The judgment in the case of State, ex rel. Insurance Co., v. Douds, supra, is to the same effect. In the case of State, ex rel., v. Jones et al., supra, this court, having held that the court of appeals of Hamilton county had authority to determine its own jurisdiction, specifically refused to consider or determine any of the issues joined by the pleadings in the cause pending in that court, but on the contrary held that if the rela *170 tors desired to present such questions to this court they must do so in the regular and ordinary way.
In this case, as in the cases above cited, it might be a convenient short cut to a final determination of the rights of the litigants for this court to determine in this action the issues joined by the pleadings in the common pleas court. But the final and conclusive answer to that proposition is that this court has no original jurisdiction to determine these questions, except in so far as they are necessary to be considered in determining the jurisdiction of the common pleas court. Having determined that the common pleas court has jurisdiction to adjudicate these questions, this court has no power to advise or direct that court as to how these questions should be determined.
The orderly administration of justice under the constitution and laws of this state absolutely requires that each court in our judicial system should in turn exercise its independent judgment in each particular case. It were folly to vest jurisdiction in any lower court to hear and determine any questions properly pending before it, if this court, in an action for a writ of prohibition, notwithstanding it refuse the writ, proceed to determine the questions at issue in that court or embarrass that court in the discharge of its duty by the expression of any opinion whatever as to the judgment it should enter. In other words, the constitutional amendment authorizing this court to issue writs of prohibition confers no power or authority upon this court to interfere with or limit the jurisdiction of inferior courts conferred upon such courts by the *171 constitution and laws of this state. That jurisdiction is as full and complete as before the adoption of this amendment to the constitution. The purpose of a writ of prohibition is to prevent a court or tribunal of peculiar, limited or inferior power from assuming jurisdiction of a matter beyond its cognizance. But where a court of record has authority to determine its own jurisdiction the writ will not be issued to prohibit the exercise of that authority.

Writ refused.

Nichols, C. J., and Johnson, J., concur.