THE STATE, EX REL. COLUMBUS, NEW ALBANY &
JOHNSTOWN TRACTION CO., v. THE COLUMBUS
RY., POWER & LIGHT CO. ET AL.

*Prohibition—Writ denied where court authorized to determine
its jurisdiction—Probate court—Section 11046, General
Code—Appropriation proceeding by corporation.*

The probate court, by virtue of Section 11046, General Code,
has jurisdiction to hear and determine the question of
its own jurisdiction in an appropriation case, and there-
fore a writ of prohibition against such probate court will
not lie to determine the question of its jurisdiction in
such case.

(Decided August 9, 1921.)

IN PROHIBITION.

*Mr. Smith W. Bennett* and *Mr. Barton Griffith,*
for relator.

*Messrs. Turner, Calland & Summers,* for the
Columbus Railway, Power & Light Company.

*Mr. Charles A. Leach* and *Mr. L. F. Laylin,* for
the city of Columbus.

*Mr. John R. King,* prosecuting attorney, and *Mr.
Wilbur E. Benoy,* assistant prosecuting attorney,
for Homer Z. Bostwick, Probate Judge.

KUNKLE, J. This is an original action in this
court to obtain a writ of prohibition to prevent
further proceedings in the probate court in an ac-
tion to appropriate the right to the joint use and
occupancy of certain tracks and rights of way,
belonging to the relator company, for a distance
of about one and .one-half miles of the total length

of the relator's tracks and roadway, consisting of about eight miles.

It is alleged in the petition that a motion was filed by the relator in the probate court to dismiss the proceedings in that court, for the reason that the court was without jurisdiction over the subject-matter of the action, which motion was overruled by the probate court.

A general demurrer has been filed by defendants to the petition of relator.

It is now well settled in this state that a writ of prohibition can only be issued where there is an absolute want of jurisdiction in the court or tribunal assuming to act.

Our Supreme Court has held that if the court whose authority is questioned has jurisdiction to hear and determine the question of its jurisdiction, then the writ of prohibition will not be allowed.

The writ of prohibition cannot be employed merely as a proceeding in error. The rule in Ohio is thus stated by Judge Donahue in *State, ex rel. Emery-Thompson Machinery & Supply Co.,* v. *Jones, et al., Judges,* 96 Ohio St., 506, at page 511:

"It is admitted in this case that the cause attempted to be appealed from the common pleas to the court of appeals is a chancery case. It is also admitted that a petition in error has been filed in the court of appeals to review the judgment of the court of common pleas in the same case. Therefore, under the plain provisions of the Constitution, the court of appeals has jurisdiction of the subject-matter of both the appeal and error proceedings; and it is competent to pass upon its own jurisdiction. If it makes a mistake in that regard, the remedy is by error, and not by writ of prohibi-

tion; for this high prerogative writ will not be used either to deprive the court of appeals of its authority to determine its own jurisdiction, or to correct any errors or mistakes that court may make affecting its jurisdiction in any cause."

The above-mentioned case involved the jurisdiction of the Court of Appeals under Section 6, Article IV, of the Constitution. Section 8, Article IV, of the Constitution, also provides that:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

Under this and other constitutional provisions the Legislature enacted Sections 3777, 9109, 11038 et seq., General Code.

These sections provide for the extension of street and interurban railways and for the appropriation of private property by corporations under certain conditions.

Section 11046, General Code, reads as follows:

"On the day named in a summons first served, or publication first completed, the probate judge shall hear and determine the questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation. Upon all these questions the burden of proof shall be upon the corporation, and any interested person shall be heard."

Under the provisions of this section we think jurisdiction is conferred upon the probate court to determine all questions relating to its jurisdiction, and if the probate court decides the question of jurisdiction erroneously the remedy would be in a proceeding in error and not by a writ of prohibition.

The jurisdiction of the probate court and the right to a writ of prohibition for the purpose of determining the question of jurisdiction were before our Supreme Court in *State, ex rel. Barbee, Exr.,* v. *Allen, Probate Judge,* 96 Ohio St., 10.

Judge Newman, in rendering the opinion of the court, at page 14, states:

"It has been held repeatedly that these courts are in the fullest sense courts of record, belonging to the class whose records import absolute verity, and competent to decide on their own jurisdiction. They have full jurisdiction to adjudicate all questions arising in proceedings properly before them. In the hearing of an application to probate a will a probate court has jurisdiction to fully and finally determine all questions involved in the application, including that of the domicile of the testator, and the judgment of the court is protected by the same rule as to collateral attack as other judgments of courts of record. *Wilberding, Admr.,* v. *Miller et al.,* 90 Ohio St., 28."

This was a jurisdictional fact which that court had the power to determine. It may have been erroneous in its decision, but, as was held in the case of *State, ex rel. Garrison,* v. *Brough,* 94 Ohio St., 115, followed in *Kelley, Judge,* v. *State, ex rel. Gellner,* 94 Ohio St., 331, the writ of prohibition cannot be made to serve the purpose of a

writ of error to correct mistakes of a lower court in deciding questions of law within its jurisdiction.

It is claimed by relator that proceedings in error from the probate court in an appropriation case do not afford an adequate remedy in view of the provisions of Section 11065, General Code. This section provides that upon payment of the condemnation money and costs the appropriating company may take possession of the premises so appropriated.

This question is not free from doubt, but under the later decisions of our Supreme Court we cannot escape the conclusion that where a court has jurisdiction to hear and determine the question of its jurisdiction the writ of prohibition cannot be invoked.

It must be conceded that a writ of error will lie to reverse the judgment of the probate court, on the preliminary questions, in an appropriation proceeding. This rule is announced in the case of *Pittsburgh, C. & T. Rd. Co.* v. *Tod,* 72 Ohio St., 156.

Whether the provisions of Section 11065, General Code, apply in cases where the jurisdiction of the court is questioned, or whether any other remedy may be open to relator to stay the execution of the judgment in appropriation proceedings involving the question of jurisdiction, we do not find it necessary to decide.

It is urged with much force by counsel for relator that Sections 614-29, 614-30 and 614-31, General Code, confer exclusive jurisdiction upon the Public Utilities Commission to prescribe the conditions under which an extension of a street railway,

in cases like the one at bar, may be made, and also to determine the compensation which shall be awarded for such joint use.

. Whatever may be the effect of these sections in prescribing conditions as to an extension and appropriation by a street railway company of the joint use of the tracks and right of way of another railway company, we are of opinion that such provisions do not extinguish or supersede the jurisdiction of the probate court.

See *Street Ry. Co.* v. *Street Ry. Co.*, 50 Ohio St., 603; *Hamilton, Glendale & Cin. Trac. Co.* v. *Hamilton & Lindenwald Elec. Transit Co.*, 69 Ohio St., pages 402, 411; also the recent case of *Incorporated Village of New Bremen* v. *Public Utilities Commission*, 103 Ohio St., 23, decided by the Supreme Court June 21, 1921.

The demurrer to the petition will be sustained.

*Demurrer sustained.*

FERNEDING and ALLREAD, JJ., concur.