Matthias, J.
 

 These three oases, all of which are suits in mandamus, grow out of a controversy with respect to the management of the municipal light plant of the village of Manchester. 'Oases No. 19290 and No. 19292 are proceedings in error from the Court of Appeals, where they originated. Case No. 19315 was commenced in this court. In each of the former actions a writ of mandamus was awarded requiring the clerk of the village to honor and countersign the voucher presented by the relator for monthly salary under employment by the board of trustees of public affairs of the village, and to deliver to relator such voucher, or perform such other act necessary to enable him to obtain the salary due him for the month of April, 1925. In the original action filed in this court the relator, as a taxpayer, asks a writ of mandamus compelling the clerk of the village to receive the monthly detailed statements of receipts and expenditures of the board of trustees of public affairs of the village in the operation of the municipal electric light plant, and to issue a “pay in order,” so that the funds received by the board from such operation may be paid to the village treasurer, who refuses to accept the same in the absence of such “pay in order,” and asks that the treasurer be required to accept such funds and give to said board his receipt therefor duly countersigned by the clerk of the village. The treasurer was also made a party defendant to this action. In all of these oases issue
 
 *587
 
 was made by demurrer to the answer, and, as the principal defense is common to all the cases, they will be considered and decided together.
 

 These vouchers were issued May 2, 1925, which vouchers and the report of receipts and expenditures referred to were signed by but two of the three members of the board of trustees of public affairs of the village, Shriver and Williams; McCormack, the other member of the board, by reason of the controversy, refusing to act. It is claimed by the respondent that, after the 31st day of March, 1925, the acts of D. F. Williams, as a member of such board, were illegal and void because he was incapable of acting, voting, or signing any document relative to said duties. It is upon this claim that the clerk bases his refusal to act as demanded by the relator in each of the cases before us.
 

 The facts bearing upon this contention are as follows: Williams was duly appointed and qualified as a member of the board January 19!, 1924, for a term of two years, and entered upon and continued to discharge the duties of his office. On March 31, 1925, the council of the village declared the office of Williams vacant, because, as' stated in the resolution, it had come to the knowledge of council that he had given up his residence in the village, and thereafter the mayor appointed, and the council confirmed, one Wilson to fill the unexpired term of Williams as a member of the board. Thereupon, on April 2, 1925, an injunction suit was instituted in the common pleas court by Williams against Wilson, and by temporary injunction Wilson was restrained from performing any act as a member of such board.
 

 
 *588
 
 Thus it appears that Williams, notwithstanding ■the action of the council and the mayor, has continued, under claim of right, to perform the duties of the office to which he had theretofore been duly appointed, and has resisted by appropriate proceeding interference with his possession of such office and the discharge of the duties thereof. That case is still pending, and no action has been instituted by either of the parties to decide the question of title to the office. The facts relative to the injunction suit are set up by the respondents as a defense in all of the cases.
 

 While injunction is not an appropriate proceeding in which to try the title to a public office, such remedy may be employed by the incumbent to protect his possession against the interference of an adverse claimant whose title is in dispute “until the latter shall establish his title at la,w.”
 
 Reemelin
 
 v.
 
 Mosby,
 
 47 Ohio St., 570, 26 N. E., 717;
 
 State ex rel. Garrison
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683.
 

 Under the provisions of Sections 4283, 4286, 4300, and 4361, General 'Code, it was the duty of the board of trustees to render and file such detailed statement with the clerk of the village, and it was the duty of the village treasurer to accept from such board the funds in question and give a receipt therefor, duly countersigned by the clerk of the village. The respondents in their answer assert their willingness to perform their duty in this regard if such statement is made and funds are tendered by Shriver and McCormack as members of the board, and thus seek to have the title of Williams to his office determined in this action.
 

 
 *589
 
 That the title of an. officer to a public office cannot be tried and determined in a collateral proceeding, to which such officer is not a party, and that the action of one in the capacity of a public official, under claim of right, cannot be challenged in a collateral proceeding, is well settled. The previous decisions of this court leave no room for oontror versy upon that proposition.
 
 Ex parte Strang,
 
 21 Ohio St., 610;
 
 Kirker
 
 v.
 
 City of Cincinnati,
 
 48 Ohio St., 507, 27 N. E., 898;
 
 State
 
 v.
 
 Gardner,
 
 54 Ohio St., 24, 42 N. E., 999, 31 L. R. A., 660;
 
 Stiess
 
 v.
 
 State,
 
 103 Ohio St., 33, 132 N. E., 85.
 

 Having reference to the further defense, which applies only to the error eases, the facts are that the board of trustees of public affairs, by resolution duly passed December 8, 1924, employed each of the relators for a period of one year beginning January 1, 1925, at a salary of $85 and $100, respectively, and that they entered upon and continued in such employment. This resolution was; passed and the employment made pursuant to a resolution of the village council passed March 27, 1922, fixing the salaries of an engineer and an electrician, respectively, at $100 and $85 “per month payable monthly.” On March 31, 1925, the village council passed a resolution wherein it undertook to employ these relators at a salary of $50 and $40 per month, respectively, which recited as follows :
 

 “Said employment to begin on the 5th day of April, 1925, and continue from month to month, at the direction of said council.”
 

 The action of the board of trustees of public
 
 *590
 
 affairs, upon which relators rely, was taken pursuant to the powers conferred upon it by the provisions of Section 4361, General Code, which in its essential parts is as follows:
 

 “The board of trustees of public affairs shall manage, conduct and control * * * electric light plants * * * and appoint necessary officers, employes and agents.”
 

 The council of the village, under the authority conferred upon it by Section 4219, General Code, to fix the compensation and bonds of all officers, clerks, and employes, except as otherwise provided by law, did fix the salary of the engineer and electrician as above indicated. Its subsequent action in attempting to appoint and designate employes to operate the electric light plant was not within its authority, for that power was clearly and exclusively conferred upon the board of trustees of public affairs, and it seems perfectly clear that the board acted within the power so conferred when by resolution duly passed it employed these relators for a period of one year at the salaries which had theretofore been legally fixed and determined. Pursuant to such employment, and under the direction and order of the board of trustees of public affairs, the clerk of the board issued a proper warrant on the treasurer, which it was the duty of the village clerk to approve and countersign.
 

 It follows that the action of the Court of Appeals in issuing the writ as prayed for was right, and its judgment is affirmed. It follows also that the demurrer to the defendant’s answer in the
 
 *591
 
 original action in this court should he sustained, and the writ as prayed for allowed.
 

 Judgment affirmed in Oase No. 19290.
 

 Judgment affirmed in Case No. 19292.
 

 Writ allowed in Case No. 19315.
 

 Marshall, C. J., Jones, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.