Marshall, C. J.,
 

 concurring. This is a suit invoking the original jurisdiction of this court, praying a writ of prohibition against the court of common pleas of Hamilton county, Ohio. More particularly, the petition prays that the judge be prohibited from ordering a new trial in the disposition of a motion for a new trial after verdict rendered in favor of Blanche Niederlehner, relatrix, in a personal injury suit. It is alleged that the trial judge in disposing of the motion for a new trial rendered a written opinion, in the course of which it was stated that the evidence established that ‘ ‘ at the time of the accident in question the plaintiff was not a well woman and that she had been theretofore operated for serious ailments.” It was further stated:
 

 “The amount of the verdict can only be justified on the theory that the jury accepted plaintiff’s statement as against the overwhelming weight of the evidence. While their conclusion was not the result of passion or prejudice, nevertheless part of the basis on which the verdict was reached disregards the great preponderance of the evidence.
 

 “In the opinion of the court substantial justice will be done by reducing the verdict to the sum of $6000. If the plaintiff accepts such reduction, the motion for a new trial will be overruled. Otherwise a new trial will be granted.”
 

 The jury’s verdict was in the sum of $9,000. The relatrix did not accept, and will not accept, the
 
 remittitur,
 
 and it follows that, unless the writ of prohibition issues, a new trial will be granted.
 

 
 *561
 
 The petition for prohibition alleges that there was no evidence adduced at the trial, or appearing in the record, to support the finding that plaintiff was not a well woman at the time of the accident. One of the claims of damage was that the relatrix received injuries to her organs of reproduction, thereby reducing the probability that she would ever be able to bear children. It is apparent that this element of damage was made a special feature, and that expert medical evidence was introduced in support of that claim. Thereupon the defendant in the personal injury suit produced a hospital record showing that some months prior to the accident in question relatrix had suffered a major operation. The petition in the instant case, referring to the operation of February 1929, states: “Presence of appendicitis, endometritis, retroverted uterus, and increase of fibrous tissue and follicles in ovaries were corrected in February, 1929 by an ovariocentesis, appendectomy, curettage, and ovariectomy.”
 

 The trial judge had concluded to set aside the verdict as against the overwhelming weight of the evidence. If the cause were in this court on that issue, this court would not weigh the evidence to determine whether the court of common pleas erred. It would only be necessary to determine whether there was any evidence to support the finding of the trial court. In the hearing of the cause in this court, it being an original suit in this court in which the facts were involved, counsel for the parties were permitted to go beyond the allegations of the petition in stating the evidence adduced in the personal injury suit. Disregarding entirely the claims of the trial judge and accepting only the claims of counsel for relator, we have no difficulty in reaching the conclusion that there was evidence of a substantial nature to support the findings of the trial court. It is claimed by relatrix that her ability to bear children had only been impaired by the accident not less than fifty per cent., and it must be ap
 
 *562
 
 parent from the allegations of the petition itself that the major operation of 1929, in which one ovary was removed and the other punctured and curetted, would materially affect her ability to bear children. It is apparent that in an error proceeding this court would not weigh the evidence to determine whether or not the trial court erred in the weight given to certain evidence. It is equally apparent that the rule must be the same in an original suit in this court where the proceedings of the trial court are involved. In the instant case, if the demurrer to the petition should be overruled and issue joined by answer, the court would have to determine whether the trial court erred in weighing the evidence. There are some propositions of law involved in this controversy which are well settled:
 

 First. That a court may with the consent of the successful party order a remittitur; and, if not consented to, may set aside the verdict.
 

 Second. An order granting a new trial when the verdict is not sustained by sufficient evidence involves a discretion on the part of the trial judge, not reversible on error.
 

 Third. That a claim that the verdict is excessive, though not under the influence of passion and prejudice, involves the weight of the evidence.
 

 The instant case, in its last analysis, presents the question whether the court was without jurisdiction to set aside the verdict and order a new trial. Though the trial judge was named as a defendant, he is of course sued in his official capacity, because the question of jurisdiction applies to the court and to the court alone. It is claimed, however, by relatrix that in a prohibition suit the inquiry is broader than merely a determination of the jurisdiction of the court over the subject-matter of the action, and that it extends to the inquiry whether the writ lies to prevent the unauthorized application of judicial power in mat
 
 *563
 
 ters otherwise properly cognizable by the court. It is not doubted that the court must not only have jurisdiction of the subject-matter, but must also keep within authorized limitations in applying judicial power. This is, however, only a play upon words. It is still a question of jurisdiction. It will also be conceded that the common pleas court had jurisdiction over a personal injury suit. It must also be conceded that the court had jurisdiction to pass upon a motion for a new trial. If this were a case of the court threatening to set aside a second verdict on the weight of the evidence, it would challenge the serious attention of this court in a prohibition suit. It is not doubted, however, that the court was within its jurisdiction in weighing the evidence and setting aside the verdict on the ground that it was not supported by sufficient evidence.
 

 Counsel for relatrix is much exercised because he is not permitted to prosecute error from the order granting a new trial. His complaint on this score, as alleged in the petition, is that relatrix will be “put to the uncertainty, inconvenience and expense of going through another trial of said cause.” It is apparent, therefore, that counsel for relatrix has misconceived the province of a prohibition suit. It does not serve the purpose of an injunction to prevent the trial court from committing error. It has been so declared many times by this court.
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255;
 
 State, ex rel. Kriss,
 
 v.
 
 Richards et al., Judges,
 
 102 Ohio St., 455, 132 N. E., 23.
 

 It is alleged in the petition that there were no other grounds upon which the court could have set aside the verdict and ordered a new trial. This allegation was evidently made to obviate the well-settled rule that a correct judgment will not be disturbed, even though an insufficient reason is assigned for it. It is
 
 *564
 
 apparent that this allegation cannot he made the basis of an inquiry into the entire record in the personal injury suit. If this court should permit itself to be beguiled into entering that field of inquiry in a prohibition suit, its jurisdiction might hereafter be invoked in a multitude of cases to prevent a trial court from setting aside a verdict, and in efforts to substitute the judgment of this court for that of the trial court generally in motions for a new trial. It is the practice of this court, settled by rule, and having legislative sanction, that it need not weigh evidence in an error proceeding. That practice would be brought into ridicule and contempt if it could be obviated by the simple expedient of a direct attack upon the orders and judgments of a trial court in an original suit in prohibition in this court. The inevitable effect of an allegation that there were no other reasons for granting a new trial is to declare that the verdict is supported by the weight of the evidence, and, if that allegation were permitted to be traversed in this court, it would be necessary for this court in disposing of that issue to determine from the transcript where the greater weight lies. Under such absurd practices a motion for a new trial would be a mere formality, to be followed immediately by the successful party applying for a writ of prohibition.
 

 Relatrix, in seeking to prevent the trial court from setting aside the verdict, evidently assumes that, if the writ of prohibition should issue, the court would also order the trial court to enter judgment upon the verdict. This does not by any means follow. Neither in prohibition nor in
 
 procedendo
 
 does the court attempt to direct definite or specific action. In
 
 procedendo
 
 the court of superior jurisdiction orders the court of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what judgment shall be entered. Prohibition is exactly the opposite of
 
 procedendo.
 
 It is the province
 
 *565
 
 of that writ to prevent the court from entering any judgment. The writ of prohibition is a supervisory writ to keep the court within the limits of its jurisdiction. It is in no sense a revisory writ in the sense of providing a remedy for an erroneous judgment. Relator has a remedy which, for aught that appears, is an adequate remedy.