Bohley et al., Appellants, *v.* Patry et al., Appellees.[*]

(No. 276—Decided July 30, 1958.)

*Mr. Lee Ferbstein* and *Mr. William R. Wolfe,* for appellants.
*Mr. Clayton J. Oberholtzer,* for appellees.

Doyle, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Medina County.

The plaintiffs, in the trial court, consisted of the Board of Education of the Buckeye Local School District, Medina County, Ohio, the individual members and the clerk thereof, coupled with the Board of Education of the Medina County School Dis-

---

[*]Motion to certify the record overruled, January 14, 1959.

trict, and the individual members and the clerk thereof. The answering defendant was the Board of Education of the Medina City School District.

The plaintiffs, by their appeal, present, for review, error claimed to have arisen in the trial court's refusal to grant an injunction, and in the rendition of a declaratory judgment to the effect that Section 3311.06, Revised Code, as amended on June 20, 1955 (126 Ohio Laws, 302), "does not contain language which expressly provides that it shall apply to pending proceedings, and it therefore does not affect proceedings pending on the effective date of said amendatory act; that Section 3311.06, Revised Code, as it stood prior to its amendment on June 20, 1955, applies to annexation proceedings described in plaintiffs' petition."

The facts are not in dispute. The following statement of the facts is, we think, sufficient to present the question in dispute.

1. April 16, 1955, a petition was filed with the Board of County Commissioners of Medina County, by inhabitants of York Township in Medina County, praying that certain lands in York Township, adjacent to the city of Medina, be annexed to that city. (Section 709.02, Revised Code.) The territory described for annexation comprised part, but not all, of the Buckeye Local School District.

2. A hearing on the petition (Section 709.03, Revised Code) was first set for June 20, 1955. This hearing was continued until July 11, 1955, and, on that date, was again continued to October 10, 1955; at which time the petition was granted by the board of county commissioners.

3. On November 12, 1955, the council of the city of Medina, by ordinance, accepted the application for annexation (Section 709.04, Revised Code). This ordinance became effective on December 12, 1955.

4. On the date when the petition for annexation was filed with the county commissioners—to wit, April 16, 1955—the following section of the Ohio Code was in effect:

Section 3311.06, Revised Code.

"* * *

"When territory is annexed to a city or village, such ter-

ritory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part. An equitable division of the funds and indebtedness between the districts involved shall be made under the supervision of the superintendent of public instruction, whose decision shall be final.''

5. On June 20, 1955, while the annexation proceedings were pending before the county commissioners, as indicated in ''2'' above, the Legislature of the state amended the above-quoted Section 3311.06, Revised Code (effective on September 29, 1955), to read, in part, as follows:

''* * * *

''When territory is annexed to a city or village, such territory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part; provided, that when the territory so annexed to a city or village comprises part but not all of the territory of a school district, the said territory shall become a part of the said city school district or the school district of which the village is a part only upon approval by the State Board of Education. In event territory is transferred from one school district to another under this section, an equitable division of the funds and indebtedness between the districts involved shall be made under the supervision of the State Board of Education and that board's decision shall be final. *After the effective date of this section, no action with regard to the transfer of school district territory pursuant to annexation to a municipality shall be completed in any other manner than that prescribed by this section.''* (Emphasis ours.)

The plaintiffs brought this action to enjoin the transfer of a part of the Buckeye Local School District to the Medina City School District. Under the statute, prior to its amendment, such a transfer was required when the territory comprising it became annexed to a city. It is their claim that, under the existing facts, the amended statute governs; and that before any

transfer is effected, it must be approved by the State Board of Education.

It is thus apparent that, among other things, we are called upon to decide and state the intended signification of the language in the last sentence of the amended statute—to wit, ''After the effective date of this section, no action with regard to the transfer of school district territory pursuant to annexation to a municipality shall be completed in any other manner than that prescribed by this section.''

Does the language in the amended statute expressly provide that it shall affect pending proceedings; and, were the pending annexation proceedings of such a character as to come within the classification of proceedings relating to the remedy?

The answer must be found by analyzing the words and phrases in the light of Section 1.20, Revised Code. That section provides:

''When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. *When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed,* nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.'' (Emphasis ours.)

This section of the Code ''is a rule of legislative interpretation and is to be construed as a part of any amended act, unless such amendment otherwise expressly provides.'' *State, ex rel. Andrews et al., Board of County Commissioners,* v. *Zangerle, Aud.,* 101 Ohio St., 235, 128 N. E., 165.

That the annexation proceedings before the board of county commissioners related to the remedy, within the meaning of the statute, we have no doubt. The entire legislation regulating school districts, and especially that part regulating the establishment of public school districts in territory annexed to a city, is indeed remedial. There is no vested right in the establishment or transfer of a school district in, or to, a particular territory. The entire matter is subject to legislative control; and legislation treating these problems is remedial in the sense that

it is directed solely to the advancement of the public welfare. See: 50 American Jurisprudence, Statutes, Section 395; 82 Corpus Juris Secundum, Statutes, Section 388; and cases cited.

Summarizing the principal points thus far, we specifically hold: that the proceedings for annexation, pending before the Board of County Commissioners of Medina County, were pending proceedings within the purview of Section 1.20, Revised Code; that the proceedings were of a remedial character; and that the amendment of Section 3311.06, Revised Code, relates to the remedy, as that phrase is used in Section 1.20, Revised Code.

The next question is one of difficulty. The trial judge was of the opinion, and so ruled, that the "amendment shall not affect pending actions unless so expressed. There is no manifest or express provision here that would warrant a construction otherwise."

To this question we now direct our attention.

The effect of the "saving" features of Section 1.20, Revised Code, has been before the courts of this state many times. Many of the cases are collected in notes to 37 Ohio Jurisprudence, Statutes, Sections 180 and 181. Based upon these cases, the author of the text states the following:

"This section is to be read as a saving clause in all statutes which amend or repeal prior legislation, *in the absence of an express provision therein* * * *.

"* * * It operates to make applicable in the designated situations the law as it existed before the amendment or repeal. * * * (Emphasis ours.)

For a discussion of the section, see *Summit Beach, Inc.*, v. *Glander, Tax Commr.*, 153 Ohio St., 147, at p. 151, 91 N. E. (2d), 10; and *State, ex rel. City of Cincinnati*, v. *Flick, Aud.*, 153 Ohio St., 294, 91 N. E. (2d), 673.

Is there an *express provision* in the amended statute, within the meaning of Section 1.20, Revised Code, that the new legislation shall affect and control pending proceedings? In other words, does the amended statute *expressly* say that it shall apply to all proceedings pending at the effective date of the act; and that all such proceedings must be completed only in conformance with its provisions?

If the answer is that it does, then the trial court was in error in holding otherwise.

*State, ex rel. Cleveland Ry. Co.,* v. *Atkinson, Admr.,* 138 Ohio St., 157, at p. 162, 34 N. E. (2d), 233, is authority for the rule that "no particular form of expression is essential to show express intent. If it clearly appear from express language used in the amending or repealing statute that the provisions thereof apply to pending proceedings, it is 'so expressed' within the meaning of the general saving law."

We again state the controversial part of the amending statute (Section 3311.06 [126 Ohio Laws, 302]):

"* * * After the effective date of this section, no action with regard to the transfer of school district territory pursuant to annexation to a municipality shall be completed in any other manner than that prescribed by this section."

As shown above, "this section" specifically provides that, if a part of a school district is within the annexed territory, it "shall become a part of the said city school district * * * *only* upon approval by the State Board of Education," and that a transfer shall not be "completed in any other manner than that prescribed * * *." (Emphasis ours.)

It is the judgment of the members of this court that the amending act manifests by express provisions, within the meaning of Section 1.20, Revised Code, that it shall control pending proceedings, and therefore controls the remedial proceedings for annexation before the board of county commissioners.

In the conclusions reached, we recognize the authorities which hold that inferences cannot be substituted for the express provisions required; that the language of the act (Section 1.20, Revised Code) is not that the amendment shall not affect pending proceedings unless such inferences may be gathered from the repealing statute, but that it is that such amendment shall not affect pending proceedings unless so expressed; and that such intention of the Legislature must be manifest by express provision in the amending act. *Kelly, Judge,* v. *State, ex rel. Gellner,* 94 Ohio St., 331, at p. 338, 114 N. E., 255.

It is evident to the court, however, that the language of the amendment here under consideration was designed primarily to affect pending proceedings involving the annexation to cities

of adjacent territory, with the ever-present dislocation of school districts accompanying such annexation; and that the Legislature has spoken unequivocally, emphatically and "expressly" to the effect that, where annexation proceedings are pending upon the effective date of the legislation, no action with regard to the transfer of a part of a school district to a city school district shall be completed in any other manner than with the approval of the State Board of Education.

The judgment will be reversed; an injunction will be granted; and a declaratory judgment will be entered in conformity with this opinion.

*Judgment accordingly.*

Hunsicker, P. J., and Skeel, J., concur.

Skeel, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.