Per Curiam.

Although the pleadings are involved, the stipulation of counsel has simplified the controversy by reducing it to the validity and application of Section 3311.06, Revised Code.
The source of the difficulty is the fact that this statute was amended twice since the annexation proceedings were instituted on April 22,1955.
The first amendment became effective September 29, 1955.
The second amendment became effective October 2, 1959.
Hence, the controversy involves the question of the effect of each of the three forms of the statute on the pending proceedings here in issue.
Of course the first form was in effect when the annexation proceedings were instituted on April 22, 1955,- but by the date the municipal annexations became effective on December 31, 1956, the first amendment had become effective with a new requirement that such a transfer must be approved by the State Board of Education.
It is the contention of the relator that the amendment was applicable, while the respondent Columbus Board of Education *239 insists that it was of no effect and that the first form of the statute continued to govern the transaction.
Then by December 14, 1959, the date the State Board of Education declared its “intention” to approve the transfer, the second amendment had become effective still retaining the requirement that such a transfer must be approved by the State Board of Education.
As in the case of the first amendment, it is the contention of the relator that the second was applicable while the respondents insist that it was not.
The respondents contend that the two amendments were not applicable but, if they were, they are unconstitutional.
Were they applicable?
Each amendment contains the following provision not in the earlier statute:
“When the territory so annexed to a city or village comprises part but not all of the territory of a school district, the said territory shall become part of the said city school district or the school district of which the village is a part only upon approval by the State Board of Education.”
Then the second amendment was enacted to read in part as follows:
“No transfer of school district territory or division of funds and indebtedness incident thereto, pursuant to the annexation of territory to a city or village shall be completed in any other manner than that prescribed by this section regardless of the date of the commencement of such annexation proceedings, and this section shall apply to all proceedings for such transfers and divisions of funds and indebtedness pending or commenced on or after the effective date of this section.”
However, the respondents contend further that, if the General Assembly did intend these amendments to be applicable immediately to pending proceedings, the statute is unconstitutional. This question was raised and decided in the case of Bohley v. Patry, 107 Ohio App., 345, in which the Court of Appeals of the Ninth Appellate District made the following pronouncement concerning the first amendment here involved:
“That the annexation proceedings before the Board of County Commissioners related to the remedy, within the mean *240 ing of the statute, we have no doubt. The entire legislation regulating school districts, and especially that part regulating the establishment of public school districts in territory annexed to a city, is indeed remedial.. There is no vested right in the establishment or transfer of a school district in, or to, a particular territory. The entire matter is subject to legislative control; and legislation treating these problems is remedial in the sense that it is directed solely to the advancement of the public welfare. See 50 American Jurisprudence, 420, Statutes, Section 395; 82 Corpus Juris Secundum, 918, Statutes, Section 388; and cases cited.
“Summarizing the principal points thus far, we specifically hold: that the proceedings for annexation, pending before the Board of County Commissioners of Medina County, were pending proceedings within the purview of Section 1.20, Revised Code; that the proceedings were of a remedial character; and that the amendment of Section 3311.06, Revised Code, relates to the remedy, as that phrase is used in Section 1.20, Revised Code.”
A motion to certify the record in that case to this court for a review was overruled.
That there is solid ground for this view is shown by the following provision of Section 3, Article YT of the Constitution of Ohio:
“Provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds * * *.”
However, the respondents insist that, even if the two amendments were applicable and valid, the new requirement of approval by the State Board of Education was waived by the conduct of the parties and that estoppel applies.
It seems that both boards of education followed an opinion rendered by the Attorney General of Ohio in 1956 to the effect that the first amendment of Section 3311.06, Revised Code, was not applicable to these annexation proceedings. Then on July 30,1958, the decision in the case of Bohley v. Patry, supra, was announced to the contrary. Thereafter, on January 14, 1959, this court overruled a motion to certify the record in that case to this court. Subsequent to these events, the State Board of *241 Education considered the matter in compliance therewith, and on December 14, 1959, declared its intention to approve the transfer.
Certain facts are recited to show the alleged waiver of the statutory requirement of approval by the State Board of Education. However, it is not necessary to decide now whether this mutual mistake of the parties could have the effect of nullifying the legislative requirement that such a transfer can be accomplished “only upon approval by the State Board of Education” and not “in any other manner.”
Hence, under either the first or the second amendment of Section 3311.06, Revised Code, the approval of the State Board of Education was necessary to complete the transfer of territory.
There is some difference of opinion among the members of this court as to which of the two amendments is applicable, but the court is unanimous in the .view that the unamended statute does not control.
Since the approval of the State Board of Education was necessary, did this occur?
According to the stipulated facts, the board on December 14, 1959, “declared its intention of approving the transfer.” After declaring its intention, the board thereafter took no further action expressly and categorically approving the transfer. Was the declaration of intention a compliance with the mandatory requirement of the statutory amendments? Did the approval thereby become an accomplished fact and finality?
One definition of the word, “intention,” appearing in Webster’s Dictionary is, “Intention often implies little more than a having in mind.” Another is, “Intention, which often suggests little more than what one means or proposes to do, implies less settled determination than purpose, less definite plan or prearrangement than design * * The dictionaries also quote Dr. Samuel Johnson’s celebrated and frightening aphorism that “Hell is paved with good intentions.”
The record discloses no explanation of the board’s resort to a mere expression of its present intention to approve instead of leaving nothing to inference by a simple unambiguous statement of its immediate approval of the transfer of territory. *242 In the absence of the necessary definite approval, the transfer was not completed, and the requested writ of mandamus must be denied and the petition and the cross-petition dismissed.

Writ denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Radoliee and O’Neill, JJ., concur.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.