KELLEY, JUDGE, *v.* THE STATE, EX REL. GELLNER.

*Jurisdiction — Insolvency court of Hamilton county — Divorce and alimony — Amended Section 1637, General Code (104 O. L., 180) — Authority to hear and determine pending cases — Section 26, General Code — Scope and purpose of writ of prohibition — Nonresidence of defendant in divorce proceeding.*

1. The amendment of Section 1637, General Code, passed February 6, 1914 (104 O. L., 179), withdrawing the jurisdiction of the court of insolvency of Hamilton county after December 31, 1914, in actions for divorce and alimony, being an act remedial in its nature must be read and construed as though Section 26, General Code, were a part thereof.

2. The legislature having failed to incorporate in such amending and repealing act an express provision making it applicable to pending actions, those actions by virtue of the provisions of Section 26, General Code, are exempt from the operation of the amended statute. The insolvency court of Hamilton county, therefore, was authorized to hear and determine all actions in divorce and alimony which were pending in that court December 31, 1914.

3. The proper function of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction and to confine them to the exercise of those powers legally conferred. It is not an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate.

4. The issuance of the writ of prohibition is not warranted to restrain action by a trial court in a divorce proceeding upon the sole ground that the plaintiff had not been a resident of the state a year before filing the petition for divorce.

(No. 15223 — Decided June 23, 1916.)

ERROR to the Court of Appeals of Hamilton county.

This proceeding in prohibition was instituted by the relatrix in the court of appeals of Hamilton county to restrain Joseph B. Kelley, judge of

the insolvency court of Hamilton county, from proceeding to hear and determine a suit for divorce brought in that court by John Gellner against Marie Gellner.

It is disclosed by the pleadings that the petition in the divorce case was filed in the insolvency court on August 20, 1914, that summons was duly issued and served, that an amended petition was filed February 8, 1915, that issue was made by answer, and that the case came on for hearing September 15, 1915. After hearing the testimony of the parties and witnesses the court continued the case to January 15, 1916, apparently for the purpose of affording the parties an opportunity to become reconciled in accordance with the advice and admonition of the court. The relatrix states in her petition that she "has reasons and does believe and is in fear that the court will grant and enter a judgment of divorce against her on the day named by him, to-wit, January 16, 1916, unless prohibited from so doing by order of the court."

The grounds upon which relatrix based her action for a writ of prohibition, as stated in the petition, are as follows:

"First. That the court has no jurisdiction or power to hear said action for the reason that said action for divorce was filed in the insolvency court after May 14, 1914.

"Second. That the court is without jurisdiction of the subject of this action for reason that plaintiff in said action had not been a resident of the state of Ohio for one year next preceding the filing of his petition.

"Third.   Such action of the court deprives the defendant, Marie Gellner, of her legal and property rights and she will be without remedy at law, or otherwise, to prevent or correct the wrong and injury done her by such action of said court if the same be permitted to be done."

The respondent by his answer asserted the unconstitutionality of Section 1637, General Code, as amended February 6, 1914, which section as amended provides that "the court of insolvency in Hamilton county shall not have jurisdiction in actions for divorce and alimony after December 31st, 1914." Respondent urged that such provision is in conflict with Section 26 of Article II of the Constitution of Ohio "because and for the reason among other things that same was special legislation and did not have a uniform operation throughout the state and applied to Hamilton county, Ohio."

Respondent also averred that "on December 31, 1914, the said case of John Gellner and Marie Gellner the relator was on the docket of said Court of Insolvency undetermined as a pending case, and that when said cause was duly brought before the court for hearing and trial, your respondent in good faith and as a part of his duties under Section 26 of the General Code assumed jurisdiction of said cause among several hundred other divorce and alimony actions then pending in said court to hear, try and determine said cause."

The court of appeals found that by reason of the amendment of Section 1637, General Code, passed February 6, 1914 (104 O. L., 179, 180), the in-

solvency court of Hamilton county, after December 31, 1914, was without authority or jurisdiction to hear, decide or determine said divorce proceeding or any matter or matters in connection with or pertaining thereto, and issued a writ of prohibition restraining the respondent from hearing or proceeding to hear any matter or matters concerning or connected with said suit for divorce and from making any orders therein.

Thereupon proceeding in error was instituted in this court.

*Mr. Charles W. Baker,* for plaintiff in error.

*Mr. J. G. DeFosset,* for defendant in error.

*Mr. John V. Campbell,* prosecuting attorney, for Hamilton county.

MATTHIAS, J.   Section 1637, General Code, prior to its amendment February 6, 1914, conferred upon courts of insolvency jurisdiction concurrent with that vested in the court of common pleas in certain matters therein enumerated, which included actions in divorce and alimony.   By the act of the legislature passed February 6, 1914, approved February 17, 1914, and filed in the office of the secretary of state February 19, 1914, Section 1637 was amended by adding to paragraph nine thereof the following: "except the court of insolvency in Hamilton county shall not have jurisdiction in actions for divorce and alimony after December 31st, 1914."

The action for divorce here in question was commenced in the court of insolvency of Hamilton county August 20, 1914, and was heard September 15, 1915, at which time the trial court admonished the parties to become reconciled and continued the case to January 15, 1916.

The application of the relatrix for a writ of prohibition challenges the jurisdiction of the insolvency court of Hamilton county to hear and determine any divorce or alimony case subsequent to December 31, 1914. Although counsel for the relatrix urges, as a further ground for asserting want of jurisdiction of the court of insolvency to hear the divorce case involved in this proceeding, the fact that the petition was filed subsequent to May 14, 1914, that date marking the expiration of the ninety-day referendum period, yet we think it must be conceded that whether the petition was filed before or after May 14, 1914, is entirely immaterial in the determination of the question of the court's jurisdiction to act upon any such case subsequent to December 31, 1914.

The writ of prohibition is of ancient origin, though the procedure is new in this state, and the nature, purpose and office of such writ have been frequently defined by courts and text-writers. All are in substantial accord in defining it as an extraordinary judicial writ which may be issued out of a court of superior jurisdiction for the purpose of preventing an inferior court or tribunal from usurping a jurisdiction with which it is not legally vested, the object of the writ being to restrain subordinate judicial tribunals of every kind from ex-

ceeding their jurisdiction and to confine them strictly to the exercise of those powers with which they have been by law entrusted. It will be seen, therefore, that if the effect of the amendment to Section 1637, General Code, heretofore set forth, was to deprive the court of·insolvency of Hamilton county of authority to hear and determine, subsequent to December 31, 1914, actions in divorce and alimony pending in said court on that date, the exercise of such power thereafter would be unauthorized and beyond the jurisdiction of such court, and therefore warrant the issuance of the writ of prohibition as prayed.

But counsel for respondent contends that Section 1637, General Code, as amended, is unconstitutional because it is a law of a general nature not of uniform operation, it applying only to Hamilton county. It was clearly determined, however, in *State, ex rel. Atty. Genl.,* v. *Bloch,* 65 Ohio St., 370, which decision was followed and applied in the recent case of *In re Hesse,* 93 Ohio St., 230, that the provisions of Section 26 of Article II of the Constitution have no application to legislation enacted pursuant to the special grant of legislative power contained in Section 1 of Article IV of the Constitution, the evident purpose of such special grant of power being to enable the general assembly to meet the public needs for additional courts, as they might arise in various sections of the state. Having authority to create any such court in any section of the state, as in its opinion was necessary and proper, and define its jurisdiction, the power of the legislature to abolish such

court or curtail its jurisdiction necessarily follows.

The amended law is constitutional and valid; but does it affect cases pending December 31, 1914? No provision having been made for the transfer of actions still pending and undisposed of on December 31, 1914, from the insolvency court to any other court, and Section 1637, as amended, containing no reference whatever to pending actions, it seems quite clear that the provisions of Section 26, General Code, apply and are determinative of the real question in this case. That section provides that "whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Amended Section 1637 does not become operative until December 31, 1914. In view of this express provision neither the date of enactment nor the date of approval by the governor is material. It is certainly clear that the amended section is of no force or effect until the date therein specified. In the meantime the jurisdiction of the court of insolvency remains as theretofore conferred. Unquestionably it may hear and determine actions for divorce and alimony at any time prior to January

1, 1915, regardless of the time such actions were commenced.  We think that is conceded.  No provision is made for the disposition of such cases as then remain on the docket of that court, by transfer to another court or otherwise—no reference whatever to pending actions.  The amended section must therefore be read as though Section 26, General Code, were appended to it as a saving clause.  *Bode, Admx.,* v. *Welch,* 29 Ohio St., 19, and *Elder* v. *Shoffstall,* 90 Ohio St., 265.

It has been urged that the intention of the legislature that the amended section should affect pending actions is disclosed by the fact that it provided what must have seemed to it a sufficient time for the disposition of pending cases before the withdrawal of jurisdiction in such matters, and also by the fact that on the same date Section 1639, General Code, was amended to provide for a division of domestic relations in the court of common pleas of Hamilton county, in which one of the judges should sit and to whom should be assigned all juvenile court work and all divorce and alimony cases.  That section, however, contains no reference to the insolvency court nor any provision affecting its jurisdiction.  Inferences cannot be substituted for the express provision required.  The language of Section 26, General Code, is not that such repeal or amendment shall not affect pending actions, prosecutions or proceedings unless *such inference may be gathered from the repealing statute,* but it is that such repeal or amendment shall not affect pending actions, prosecutions or proceedings unless *so expressed.*  When, therefore, the intention

of the legislature is to give to such repealing or amending act a retroactive effect such intention must not be left to inference or construction, but must be manifested by express provision in the repealing or amending act.

It is well urged by Minshall, J., in the case of *State, ex rel. Construction Co.,* v. *Rabbitts,* 46 Ohio St., 178, that no generality of language can be accepted by the courts as a substitute for such express indication of legislative intent. A further suggestion, quite pertinent here, is that the provision of Section 26, General Code (which was formerly Section 79, Revised Statutes), has not merely the advantage of being a rule of certainty in construction but also of exciting the attention of the legislature and begetting an inquiry as to the propriety of applying a given amendment of a remedial nature to pending actions, prosecutions or proceedings.

Having failed to incorporate in the amending and repealing act an express provision that it should apply to pending actions, the force and effect of Section 26, General Code, are such as to give rise to a presumption that the intention of the legislature was that it should not affect pending cases. The insolvency court, therefore, was authorized to hear and determine all actions for divorce and alimony which were pending in that court on December 31, 1914. In our opinion the finding and judgment of the court of appeals to the contrary was erroneous, and the issuance of the writ of prohibition on the ground of a want of

jurisdiction of the subject-matter was unwarranted.

The application of the relatrix for a writ of prohibition is based upon the further contention that the court had no jurisdiction of the action for the reason that it was disclosed by the evidence upon the hearing of the case that plaintiff in the divorce proceeding had not been a resident of the state a year at the time of filing his petition. The court of appeals correctly concluded that the writ could not issue upon that ground. It has been well settled that a writ of prohibition lies only when the inferior court proposes to exceed its lawful jurisdiction as to the person or the subject-matter, or in the enforcement of its rulings in a manner or by a means not entrusted to its judgment or discretion, and the party seeking the writ is without other adequate remedy. It is not an appropriate remedy for the correction of errors and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. The issuance of the writ would not be justified by an insufficiency of the statement of a cause of action or because of insufficient proof to sustain a cause of action. Questions of such nature do not go to the jurisdiction of the inferior court, but are rather questions of fact and law to be determined in the action there pending. On application for a writ of prohibition to stay the action of an inferior court the sole question to be determined is the jurisdiction of that court, and the court in which the relief is sought will not consider any mere error or irregularity occurring in the progress of the case in the inferior

court.   2 Spelling on Injunctions and Extraordinary Remedies (2 ed.), Section 1716; High on Extraordinary Legal Remedies (3 ed.), Section 767*b*; *State, ex rel. Nolan,* v. *ClenDening,* 93 Ohio St., 264, and *State, ex rel. Garrison,* v. *Brough et al., ante,* 115.

Whether or not the plaintiff in the divorce proceeding had been a resident of the state one year prior to the time of filing his petition for divorce was a question of fact about which there might be, and in this case apparently was, some dispute.   In all cases where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with its exercise of jurisdiction.   High on Extraordinary Legal Remedies (3 ed.), Section 772.

It therefore seems clear that issuance of the writ of prohibition to restrain action by a trial court in a divorce proceeding would not be warranted upon the sole contention that plaintiff had not been a resident of the state a year before filing the petition for divorce.   *People, ex rel. James,* v. *Surrogate's Court,* 36 Hun (N. Y.), 218.

The conclusions reached by this court, and above announced, render unnecessary a discussion of other questions presented.   In our opinion the issuance of a writ of prohibition by the court of appeals was unwarranted.   The judgment of the

court of appeals is therefore reversed and the petition of relator dismissed.

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANAMAKER, NEWMAN and JONES, JJ., concur.