By the Court.
On December 21, 1910, a decree of divorce was entered in the court of insolvency of Hamilton county in favor of defendant in error, Anna Smedley, against plaintiff in error, Charles W. Smedley, and he was ordered to pay as alimony the sum of $10 per week beginning January 2, 1911. Thereafter, written charges of contempt were filed against him, and, at the hearing of said charges, upon his application the court of insolvency modified its order of December 21, 1910, and ordered that he pay to Anna Smedley the sum of $1,100 — $50 in cash October 4, 1915, $50 on November 1,1915, $50 on December 1, 1915, $50 on January 1, 1916, and $900 in installments of $5 per week commencing January 8, 1916 — and further ordered that upon the making of the payments as above provided plaintiff in error should *142 be discharged and released from the payment of any further alimony to said Anna Smedley. This modified order was made by the; court of insolvency on the 22d day of October, 1915.
On December 16, 1915, written charges of contempt were filed in the court of insolvency, in which it was charged that under the modified order made October 22, 1915, there was due to Anna Smedley from plaintiff in error the sum of $95, and that by reason of his failure and neglect and refusal to pay the same plaintiff in error was guilty of contempt. A demurrer to these written charges was overruled, and plaintiff in error filed an answer in which he alleged that the amount of alimony fixed by the court in its modified order of October 22, 1915, was excessive and far beyond his ability to pay; that he had been unable because of lack of money to make the payments required by said order; and that he was not then able for want of money to comply with the order of the court. The matter was heard upon the written charges of contempt, the answer and the evidence, and the court found that plaintiff in error was in arrears in the sum of $95; that he had failed, neglected and refused to obey the order of the court made October 22, 1915, although fully able to comply therewith; and that he was guilty of contempt. He was ordered confined in the jail of Hamilton county until such time as he should purge himself of contempt by paying or causing to be paid the sum of $95, or until otherwise discharged by law. A motion-to set aside this judgment and order of commitment, *143 and for a new trial, was submitted to the court and overruled. On error the judgment of the court of insolvency was affirmed by the court of appeals.
Counsel for plaintiff in error insists that the court of insolvency had no jurisdiction to make the order of October 22, 1915. He relies upon Section 1637, General Code, as amended 104 Ohio Laws, 179, which provides, among other things, that the court of insolvency of Ha'milton county shall not have jurisdiction in actions for divorce and alimony after December 31, 1914. The decree of divorce and original order of alimony in the case,-at bar was made in December, 1910. It is well settled that the jurisdiction of a court in an alimony case is continuing. Our holding is that it is a pending action within the meaning of Section 26, General Code. Under the authority, therefore, of Kelley, Judge, v. The State, ex rel. Gellner, 94 Ohio St., 331, the court of insolvency was authorized to make the order of October 22, 1915.
No reply was filed to the answer of plaintiff in error in the contempt proceeding and it is claimed by counsel that the answer must be taken to be true. It appears from the record that this cause went to trial, without objection, upon the evidence, as if the facts alleged in the answer had been denied. It is too late now to raise this question. (Woodward v. Sloan, 27 Ohio St., 592.) The duty of establishing his inability to comply with the order of the court of insolvency devolved upon plaintiff in error. The court of insolvency found that he was fully able to comply with the order. We have examined *144 the record in this case and are of the opinion that such a finding was justified by the evidence.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.