By the Court.
The remedy invoked is an extraordinary one, to be issued with great caution, and only when the way is quite clear. It is said that the writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice, and only where there is no regular, ordinary, adequate remedy at hand. State, ex rel. Nolan, v. ClenDening et al., 93 Ohio St., 264.
*458 Again, it is held, in Kelley, Judge, v. State, ex rel. Gellner, 94 Ohio St., 331:
“The proper function of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction and to confine them to the exercise of .those powers legally conferred. It is not an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate.”
And, again, the supreme court has announced the law in the case of State, ex rel. Garrison, v. Brough et al., 94 Ohio St, 115:
“The power to award writs of prohibition having been conferred on this court by the constitution, and that instrument having provided that no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of this court, the power will always be exercised where it clearly appears that a court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause or is about to exceed its jurisdiction.”
Thus it may be seen that the law in Ohio is rather fully and definitely settled by recent decisions of this court. It remains only to apply the law to this case.
Under the old axiom, the journal of a court of general jurisdiction imports absolute verity. The journal of the court of common pleas shows a judgment entered March 16 and another judgment, identical in terms, on April 2. We are asked in this *459 collateral proceeding to say that the former is binding, and the latter not binding, or mere surplusage, or otherwise non-substantial as a landmark from which time for the filing of a petition in error may begin to run. This we do not find occasion or right for doing. True, there are two judgments where there undoubtedly should be but one, but* the court in which the judgments are found has a well-defined control over its own orders and has a general jurisdiction, which if invoked, could well prevent the existence of more than one. That the court of appeals has jurisdiction of both the subject-matter and the parties, cannot be doubted, if the petition in error was filed within the statutory time. The record shows that it was in time, for from it we find a judgment entry entered and recorded on the 2d day of April. The record is before this court and is controlling.
It may not be assumed what the trial judge will do in respect to correcting the journal, or that he will do anything, and it may not be assumed what the court of appeals may do when the case comes back to it, if it does come back.
The petition states that both courts will act, and further states the nature of the action that will be taken by each, but such allegations are no more than legal conclusions, and cannot weigh against the natural and usual presumption of law that a court will act within and exercise only that jurisdiction with which it is clothed. All these matters are at best only the groundwork of possible error, and, as appears above, the writ of prohibition cannot be em- • ployed as a substitute for review.
*460 The petition is found to be insufficient, the writ is therefore denied, and the cause is dismissed at the costs of relator.

Writ denied.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.