Marshall, C. J.
 

 This is an original action filed in this court praying for a writ of prohibition to restrain the judges of the Court of Appeals of the county of Cuyahoga, in the Eighth Appellate District, from enforcing a judgment and decree rendered by them in a cause heard in that court on appeal from the court of common pleas of Cuyahoga county. The petition alleges that a judgment was rendered against relators in said ease so heard on appeal, but that the Court of Appeals had no
 

 
 *50
 
 jurisdiction to' hear and determine said case upon appeal. As grounds for such claim the petition alleges that the action appealed was one containing two separate and distinct causes of action, one in ejectment, and the other for the enforcement of an implied trust, and that relators appeared in said Court of Appeals and objected to its jurisdiction, but that their objections were overruled and the case proceeded to hearing and judgment against relators.
 

 To the petition a demurrer has been filed on the ground that it does not state a cause of action or entitle relators to a writ of prohibition. This court was given original jurisdiction by the constitutional amendment of 1912 in prohibition, but the Constitution does not define the nature of the writ, neither has the Legislature ever defined it. We must therefore look to the principles of the common law. The writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. Its legitimate scope and purpose is to keep inferior courts within the limits of their own jurisdiction and to prevent them from encroaching upon the jurisdiction of other tribunals.
 

 Ordinarily the writ is' not allowed to restrain the enforcement of a judgment, and yet there are authorities which hold that the writ may be so employed if there is no other remedy available to the party aggrieved and the writ is sought to restrain the enforcement of a void decree or judgment. The writ of prohibition being an extraordinary writ, it may
 
 *51
 
 only be invoked when there is no other adequate remedy. It has been repeatedly held by this court that the writ may not be invoked as a substitute for error proceedings.
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255;
 
 State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Probate Judge,
 
 96 Ohio St., 10, 117 N. E., 13;
 
 State, ex rel. Emery-Thompson Machinery & Supply Co.,
 
 v.
 
 Jones et al., Judges,
 
 96 Ohio St., 506, 118 N. E., 115.
 

 In these cases, however, it was particularly stated that the judgments of the lower courts were rendered by courts having jurisdiction of the subject-matter and of the parties. This court has not previously been called upon to determine whether the courts of inferior jurisdiction of this state may be prohibited from enforcing their judgments in cases where there was a total lack of jurisdiction. In the instant case the court of common pleas heard a case in which two separate and distinct causes of action were involved, one in ejectment, which was clearly an action at law, the other to enforce an implied trust, which was clearly a chancery suit. The court of common pleas rendered judgment in favor of the plaintiff on both causes, and the plaintiff therefore had a valid judgment of ouster in an ejectment suit. The defendant did not prosecute error from that judgment to the Court of Appeals, but sought to perfect an appeal, seeking a trial
 
 de novo.
 
 The defendant in error, the successful plaintiff in the court below, thereupon filed a motion to dismiss on the ground of jurisdiction. The Court of Appeals denied the motion. If no motion to dismiss had been filed in the Court of Appeals, the case of
 
 Drake et al., Trustees,
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534, would gov
 
 *52
 
 ern. The defendant in error having filed a motion to dismiss in the instant case, and it having been overruled, every step had been taken to save the question, and, if the Court of Appeals erred in overruling that motion, it follows that its further action in dismissing the ejectment suit was a nullity. Ordinarily the prosecution of an appeal vacates the judgment of the trial court.
 

 The petition in this prohibition proceeding alleges a want of jurisdiction in the Court of Appeals to hear the ejectment suit, and further alleges an effort to have the appeal dismissed, and the demurrer to the petition admits that well-pleaded allegation.
 

 On the other hand it must be held in this case that relators had an adequate remedy at law. In this prohibition proceeding this court will take judicial notice of the fact that a motion to certify was filed in this court asking that this court order the Court of Appeals to certify its record for review. All questions of jurisdiction and error can be disposed of in that error proceeding. Relators have a method of review, and therefore a remedy at law.
 

 The demurrer must therefore be sustained, and, it being apparent that no amendment can be made whereby a good cause of action can be stated, the writ of prohibition will be denied.
 

 Writ denied.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.