THE STATE, EX REL. STATON, APPELLEE, *v.* COMMON PLEAS COURT
OF FRANKLIN COUNTY ET AL., APPELLANTS.

[Cite as State, ex rel. Staton, v. Common Pleas Court, 5 Ohio St. 2d 17.]

(No. 39650—Decided December 29, 1965.)

18

*Messrs. Cohen & Rosenbloom* and *Mr. Joseph L. Rosenbloom,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John E. Elam, Mr. Jacob Davis, II,* and *Mr. C. Howard Johnson, Jr.,* prosecuting attorney, for appellants.

HERBERT, J.  The respondents, Court of Common Pleas of Franklin County and Judge Holden, a member thereof, were vested with jurisdiction of the subject matter of the action by statute.  Sections 4123.01 to 4123.99 of the Revised Code of

Ohio. The relatrix voluntarily submitted herself to this jurisdiction in order to secure the benefits provided by the Workmen's Compensation Act for injured employees.

It follows, therefore, that the Court of Common Pleas has jurisdiction of both the subject matter of the action and the person of the relatrix in the cause now pending before it.

The authorities appear to be in general agreement upon the function of a writ of prohibition under the circumstances and conditions here. The first two paragraphs of the syllabus of *State, ex rel. Winnefeld,* v. *Court of Common Pleas of Butler County,* 159 Ohio St. 225, are:

"1. Prohibition is a writ to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law.

"2. A writ of prohibition will be awarded only where there is no other adequate remedy, and, where a court has full and complete jurisdiction of the subject matter of an action pending therein, a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment."

*Kelley, Judge,* v. *State, ex rel. Gellner,* 94 Ohio St. 331, states the law, as follows, in the third paragraph of the syllabus:

"The proper function of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction and to confine them to the exercise of those powers legally conferred. It is not an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate."

At page 341 in the opinion, the late Judge Edward S. Matthias, speaking for the court, said:

"*In all cases* where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below *erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with its exercise of jurisdiction.*" (Emphasis added.)

In *State, ex rel. Booth,* v. *Robinson, Judge,* 120 Ohio St. 91, Judge Matthias, speaking for a unanimous court, at page 94, said.

"The office of a writ of prohibition has been stated in numerous cases. It is a process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been invested by law. It is an extraordinary writ, and issues only when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. 2 Spelling on Injunctions and Other Extraordinary Remedies 2 Ed. Section 1716.

"It appearing affirmatively that the Probate Court is exercising a jurisdiction with which it has been legally vested, a writ of prohibition is not authorized."

The syllabus in *State, ex rel. Burtzlaff,* v. *Vickery et al., Judges,* 121 Ohio St. 49, reads:

"Where the original jurisdiction of this court is invoked to obtain a writ of prohibition to restrain the enforcement of a judgment rendered in the Court of Appeals, on the ground that the Court of Appeals did not have jurisdiction to hear and decide the cause in that court, and where it also appears that an error proceeding is pending in this court seeking a review of the judgment rendered in the Court of Appeals, which error proceeding properly presents the question of the jurisdiction of the Court of Appeals, the writ of prohibition will be denied."

The late Chief Justice Marshall, speaking for a unanimous court, at pages 50 and 51, said:

"This court was given original jurisdiction by the constitutional amendment of 1912 in prohibition, but the Constitution does not define the nature of the writ, neither has the Legislature ever defined it. We must therefore look to the principles of the common law. The writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. Its legitimate scope and purpose is to keep inferior courts within the limits of their own jurisdiction and to prevent them from encroaching upon the jurisdiction of other tribunals.

"* * * The writ of prohibition being an extraordinary writ, it may only be invoked when there is no other adequate remedy. It has been repeatedly held by this court that the writ may not be invoked as a substitute for error proceedings. *State, ex rel.*

*Garrison,* v. *Brough,* 94 Ohio St. 115, 113 N. E. 683; *Kelley, Judge,* v. *State, ex rel. Gellner,* 94 Ohio St. 331, 114 N. E. 255; *State, ex rel. Barbee, Exr.,* v. *Allen, Probate Judge,* 96 Ohio St. 10, 117 N. E. 13; *State, ex rel. Emery-Thompson Machinery & Supply Co.,* v. *Jones et al., Judges,* 96 Ohio St. 506, 118 N. E. 115."

In *State, ex rel. Scoratow,* v. *Common Pleas Court of Wood County,* 170 Ohio St. 76, the second and third paragraphs of the syllabus say:

"2. A writ of prohibition may not be employed as a substitute for the usual ordinary process of appeal.

"3. Such writ is not available for determination of the admissibility of evidence in a trial court having jurisdiction of the parties and the subject matter."

The doctrine announced in *Scoratow* is of special significance here in that it held, in the third paragraph of the syllabus, that a writ in prohibition is not available for determination of the admissibility of evidence. Consequently, in the case pending in the Court of Common Pleas, the admissibility of the evidence of the examining physician may not be determined in prohibition.

73 Corpus Juris Secundum 33, Section 11, reads:

"Prohibition is a writ which attacks, or raises or tests, *only the question of the jurisdiction of the court.*" (Emphasis added.)

In 44 Ohio Jurisprudence 2d 178, Section 9, is found a concise statement of the function of the writ of prohibition, under the conditions and circumstances in the case at bar, as follows:

"It is well established that the extraordinary writ of prohibition may not be employed as a convenient short cut to a final determination of the rights of litigants, or as a substitute for appeal, or to prevent the rendering of an erroneous judgment by a court in a cause which it is authorized to adjudicate, or in place of the available ordinary, adequate remedies."

Attributes and characteristics peculiar to an action in prohibition are not found in the record in the instant case. Prohibition tests and determines solely and only the jurisdiction of the inferior tribunal. To the contrary, the relatrix here contends, and the Court of Appeals appears to agree, that prohibition is a remedy for abuse of discretion. This is error. The Work-

men's Compensation Act vests the respondents with jurisdiction of the subject matter of the cause in which relatrix seeks relief. The burden of the opinion of the Court of Appeals involves the determination of the propriety of the proposed examination of relatrix by a physician. The jurisdiction of prohibition does not extend to the determinations of interlocutory matters arising in the proceedings in a cause before an inferior tribunal which has jurisdiction of the cause, unless such interlocutory matter involves a usurpation of judicial power.

There is available to the relatrix an appellate review of the proceedings and orders of the respondent Court of Common Pleas. Prohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court.

This court, in this action in prohibition, is not concerned with the determination of the matter of the examination of the relatrix, whether physical or mental or neither. Whatever order the respondent Court of Common Pleas may enter in the matter of this examination is subject to the orderly procedure of appellate review.

We are unable to find any occasion for the issuance of a writ of prohibition in the record of the case at bar.

It follows, therefore, that the judgment of the Court of Appeals must be, and hereby is, reversed.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in paragraph two of the syllabus and in the judgment.