THE STATE EX REL. NEWS HERALD ET AL. *v.* OTTAWA COUNTY
COURT OF COMMON PLEAS, JUVENILE DIVISION.

[Cite as *State ex rel. News Herald v. Ottawa Cty. Court of
Common Pleas, Juv. Div.* (1996), 76 Ohio St.3d 1203.]

(No. 96–1463—Submitted and decided June 28, 1996.)

*Baker & Hostetler, David L. Marburger* and *Hilary W. Rule,* for relators.

*William M. Connelly, Kevin E. Joyce* and *Sarah Steele Riordan,* for respondent.

The alternative writ is granted *sua sponte.*

DOUGLAS, RESNICK, F.E. SWEENEY and STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

MOYER, C.J., dissenting. I respectfully dissent from the majority that orders respondent to file a response to the complaint in prohibition.

The court has experienced an increase in the filing of prohibition actions that challenge not the jurisdiction of a trial court, but the legality of its judgment. Such actions request this court to correct an error rather than prohibit the exercise of jurisdiction which the trial court does not have. " 'Prohibition is a writ to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law.' " *State ex rel. Staton v. Franklin Cty. Common Pleas Court* (1965), 5 Ohio St.2d 17, 19, 34 O.O.2d 10, 11, 213 N.E.2d 164, 165, quoting *State ex rel. Winnefeld v. Butler Cty. Court of Common Pleas* (1953), 159 Ohio St. 225, 50 O.O. 263, 112 N.E.2d 27, paragraph one of the syllabus. That statement by this court in 1965 recognizes the well-established principle that a writ of prohibition is an extraordinary writ, the purpose of which is to challenge the jurisdiction of a court to act. " 'The proper function of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction and to confine them to the exercise of those powers legally conferred. It is not an appropriate remedy for the correction of errors * * *.' " *Staton* at 19, 34 O.O.2d at 11, 213 N.E.2d at 166, quoting *Kelley v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 114 N.E. 255, paragraph three of the syllabus. Prohibition tests and determines " 'solely and only' " the subject matter jurisdiction of the inferior tribunal. *State ex rel. Eaton*

*Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 409, 534 N.E.2d 46, 52, quoting *Staton,* 5 Ohio St.2d at 21, 34 O.O.2d at 13, 213 N.E.2d at 167; see, also, *State ex rel. Rhodes v. Solether* (1955), 162 Ohio St. 559, 562–563, 55 O.O. 440, 442, 124 N.E.2d 411, 413.

Whatever the apparent merits of relators' complaint, a writ of prohibition is not the appropriate remedy to challenge the constitutionality of the order of the trial judge. If we grant prohibition in this case because it appears that the trial judge may have entered an order in violation of the United States Constitution, we will make the writ of prohibition available for unlimited challenges to the legality of court judgments.

Because relators' complaint does not challenge the jurisdiction of the trial court, I would deny the writ of prohibition.

PFEIFER and COOK, JJ., concur in the foregoing dissenting opinion.