[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
 IN PROHIBITION
Relator, Tri-Arch, Inc., has filed this original action requesting that this court issue a writ of prohibition against respondents, James Conrad, Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio, enjoining and prohibiting respondents from entertaining jurisdiction over the May 25, 2001 application filed by Wayne R. Koback for the alleged v iolation of a specific safety requirement.
This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of prohibition. (Attached as Appendix A.) No objections have been filed to that decision.
As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the record, this court adopts the magistrate's decision. Relator's request for a writ of p rohibition is denied.
Writ of prohibition denied.
KLATT and PETREE, JJ., concur.
 APPENDIX A MAGISTRATE`S DECISION IN MANDAMUS
Relator, Tri-Arch, Inc., has filed this original action requesting that this court issue a writ of prohibition against respondents James Conrad, Administrator of the Bureau of Workers' Compensation ("BWC") and the Industrial Commission of Ohio ("commission") in joining and prohibiting respondents from entertaining jurisdiction over the May 25, 2001 application filed by Wayne R. Koback ("claimant") for the alleged violation of a s pecific safety requirement ("VSSR").
Findings of Fact:
1. Claimant sustained a work-related injury on June 11, 1999, and his claim has been allowed for: "1st degree burn chin, 1st burn left breast, 2nd degree burn right abdomn [sic] wall, 2nd degree burn left forearm and 1st degree burn right forearm." Claimant was working at McDonalds and was splashed with grease from the fryer. Various medical bills and disability compensation h ave been paid to claimant.
2. On May 8, 2000, claimant filed an application contending that relator had violated a specific safety requirement which caused his injuries. In his application, claimant alleged a violation of Ohio Adm. Code4121:1-5-17(E)(1). After he listed this code p rovision (which does not exist), relator explained as follows:
 Persons required to work where clothing may become wet with other injurious liquids (hot fryer oil herein) shall be provided with gloves, aprons, coats, etc.
3. An investigation followed and the BWC's Safety Violations U nit prepared a report. (Stip. at 6-38.)
4. Notice was given to the parties concerning the mandatory prehearing conference to be held on January 9, 2001. The conference was held with claimant's representative attending; however, no appearance was made by relator or its representative. Following the conference, notice was given that the matter would b e submitted on the merits to a hearing officer.
5. Claimant's application was heard before a staff hearing officer ("SHO") on April 16, 2001. At that time, witnesses were h eard and arguments were presented.
6. The SHO issued an order denying claimant's application for an additional award for a VSSR. At the hearing, claimant clarified that he was alleging a violation of Ohio Adm. Code 4121:1-5-17(I)(1), which provides for protection of the body and exposed parts and other protective equipment. The SHO noted f urther as follows:
 Conflicting evidence in the file, and conflicting testimony at hearing centers upon the issue of whether the Employer had provided a rubber apron, and above-the-elbow rubber gloves (whose use would have covered those body parts burned by the fat).
 (It is noted parenthetically that the claimant's face was also struck by fat, and that dispute exists, over the provision of a face shield. However, inasmuch as Claimant's application makes no allegation pertaining to failure to provide face protection, any potential decision upon such specific safety requirements is found to be premature, and not properly before the Industrial Commission. In making this ruling, the Staff Hearing Officer is mindful that the two-year "statute of limitations" for the filing of the appropriate allegation of VSSR for the face has not yet run).
 The Staff Hearing Officer finds Employer's evidence and argument to be more persuasive. The evidence shows that the protective item had been purchased 3 months prior to the accident, that it [was] present in the store some time before Claimant's accident, and that it was present on the Monday following claimant's Friday accident when management checked the supply room for its presence. The fact that several of Claimant's witnesses emphasized that the black gloves that were present were in a soiled condition lends credence to Employer's argument that protective equipment had been furnished. (The Staff Hearing Officer further notes that there has been no persuasive showing that the soiled nature of the gloves would have impeded its protective function).
 Accordingly Employer is held to have complied with OAC 4121:1-5-17(I)(1), and no violation thereof is found.
 The finding and order are based on the report of Fred M. Freeman, Investigator, Division of Safety and Hygiene, the evidence in file and the evidence adduced at hearing.
7. On May 25, 2001, claimant filed what was designated as a "supplemental" application for a VSSR alleging a violation of Ohio A dm. Code 4121:1-5-17(A), (B), (C), (D), (E) and (G).
8. By letter dated August 29, 2001, relator informed the Safety Violations Investigation Unit that the matter had already been heard on the merits and decided in relator's favor, that claimant's "supplemental" application was merely an amendment of h is original application which was not timely filed.
9. By letter dated August 29, 2001, an SHO notified relator as f ollows:
 From a review of the claim file, it is true that the claimant's VSSR application filed 5/8/00 was denied on the merits at a SHO hearing on 4/16/01. The order of SHO Kocsis was mailed out on 5/30/01.
 However, claimant's counsel had filed a "Supplemental" VSSR Application on 5/25/01. Use of the term "Supplemental" was probably unfortunate, because this was actually a new and different application filed within two (2) years of the date of injury. Whereas the first application alleged a violation of O.A.C. 4121:1-5-17(I)(1)[.] The second application alleged violation of O.A.C. 4121:1-5-17(A), (B), (C), (D), (E) and (G).
 Therefore, the "Supplemental" application actually is a timely filed new application, and this is how it is being construed and treated. There is no rule or statute which prohibits the timely filing of a second VSSR application in the same claim. Further investigation by Mr. Garver and Mr. Freeman is appropriate, and the application filed 5/28/01 will be routinely processed.
10. On September 28, 2001, relator filed the instant action in this case in an attempt to prevent the commission from taking f urther action on claimant's "supplemental" VSSR application.
Conclusions of Law:
The Ohio Supreme Court addressed the standard for the issuance of a writ of prohibition. State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, wherein the court stated as follows:
 This court has original jurisdiction to issue a writ of prohibition. Section 2(B)(1)(d), Article IV, Ohio Constitution. However, neither the Constitution nor the General Assembly has defined the parameters of prohibition. State ex rel. Burtzlaff v. Vickery (1929), 121 Ohio St. 49, 50 * * *. Drawing from principles of common law, this court has determined that a "writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." Id. at 50 * * *. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Barton v. Butler Cty. Bd. of Elections (1988), 39 Ohio St.3d 291 * * *. As such, a writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." State ex rel. Henry v. Britt (1981), 67 Ohio St.2d 71, 73 * * *; State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536, 540 * * * ("Prohibition is an extraordinary writ and we do not grant it routinely or easily.").
 In addition, a writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court. State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 409 * * *; State ex rel. Staton v. Franklin Cty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21 * * *.
Prohibition is not available to prevent an anticipated erroneous judgment. Id. at 74.
In order for a writ of prohibition to issue, relator must prove that (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator possesses no other adequate remedy in the ordinary c ourse of law if the writ of prohibition is denied. Id.
For the reasons that follow, this magistrate concludes that relator has not demonstrated that he is entitled to the extraordinary relief requested. Specifically, this magistrate finds that relator has not demonstrated that it has a clear legal r ight to the relief sought.
Relator admits that neither the revised code or the administrative code nor case law specifically prohibit the commission from hearing claimant's supplemental application for a VSSR. However, relator asserts that it can be assumed from a reading of the Ohio Administrative Code that only one application is contemplated. However, relator has not demonstrated that the commission is about to exercise authority which is not authorized by law. As such, relator has not demonstrated entitlement to a w rit of prohibition and this court should deny relator's request.
 STEPHANIE BISCA BROOKS MAGISTRATE