DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court as an original action in prohibition. Relator, Blanchard Valley Health Association ("Blanchard Valley"), seeks an order from this court prohibiting respondent, Judge James D. Bates of the Lucas County Court of Common Pleas, from continuing to exercise jurisdiction in the underlying case of ProMedica Health System, Inc. v. BlanchardValley Health Assn., et al, Lucas County Court of Common Pleas Case No. CI 06-2064 ("the Lucas County action"). ProMedica Health System, Inc. ("ProMedica") has filed a motion to intervene and respondent has filed a motion to dismiss.
 {¶ 2} Despite the apparent complexities of the Lucas County action, the issue presented by the matter now before us is quite simple. In addition to the Lucas County action, Blanchard Valley and ProMedica are involved in related litigation in Hancock County, Blanchard Valley Health Assn. v. ProMedica HealthSystems, et al., Hancock County Court of Common Pleas Case No. 2006 CV 00010 ("the Hancock County action"). On March 17, 2006, the court in the Hancock County action stayed that proceeding pending arbitration. On May 5, 2006, Blanchard Valley filed a motion to stay proceedings in the Lucas County action pursuant to R.C. 2711.02. The Lucas County action is presently scheduled to proceed to trial on May 24, 2006. On May 15, 2006, respondent issued an order denying the motion for stay without explanation. On May 16, 2006, relator filed a notice of appeal from respondent's order denying relator's motion for stay.
 {¶ 3} A writ of prohibition "* * * is an extraordinary writ, the purpose of which is to challenge the jurisdiction of a court to act." State ex rel. News Herald v. Ottawa Cty. Court ofCommon Pleas, Juv. Div. (1996), 76 Ohio St.3d 1203, 1203. The writ will be issued only if a relator can prove: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." State ex rel. Starner v. DeHoff (1985),18 Ohio St.3d 163, 164.
 {¶ 4} Relator has attached to its petition a copy of the docket from the Lucas County action. The docket reveals that on March 24, 2006, respondent filed a pretrial order that sets the trial in the action for May 24, 2006. Accordingly, the first prong of the test has been satisfied.
 {¶ 5} We must next determine whether respondent's exercise of his judicial power is authorized by law. R.C. 2711.02 provides in relevant part:
 {¶ 6} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 7} "(C) * * * an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 8} Accordingly, respondent's denial of relator's motion for a stay pending arbitration was a final, appealable order subject to appellate review. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94, 97, * * *. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept.
(1990), 51 Ohio St.3d 43, 44, * * *." In re. S.J.,106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 9.
 {¶ 9} In the Lucas County action, Blanchard Valley filed its notice of appeal from the trial court's denial of its motion for stay pending arbitration on May 16, 2006. Accordingly, respondent has been divested of jurisdiction to proceed with a trial on the merits of the Lucas County action, and the second prong of the test has been satisfied.
 {¶ 10} Finally, we conclude that relator has no adequate remedy at law.
 {¶ 11} As to ProMedica's motion to intervene and respondent's motion to dismiss, the arguments raised in those motions go to the merits of the appeal from respondent's order of May 15, 2006. Those motions are therefore denied.
 {¶ 12} Upon consideration whereof, this court finds that relator's petition in prohibition is well-taken. The court hereby issues a writ of prohibition ordering respondent, Judge James D. Bates, to cease exercising jurisdiction in ProMedica HealthSystem, Inc. v. Blanchard Valley Health Assn., et al, Lucas County Court of Common Pleas Case No. CI 06-2064, until this court rules on the merits in the appeal from respondent's order of May 15, 2006. A copy of this writ shall be served upon respondent personally by the Clerk of the Court of Appeals, who is hereby specially authorized to serve this writ upon respondent. The clerk shall verify, by affidavit, the time, place and manner of service and file such verification upon completion of the service. Costs to respondent.
 {¶ 13} It is so ordered.
Petition Granted.
Pietrykowski, J. Singer, P.J. Skow, J. concur.