DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court as an original action in prohibition. Relator, Jean-Paul Lemerand, seeks an order from this court prohibiting respondent, Judge David E. Woessner of the Wood County Court of Common Pleas, Juvenile Division, from continuing to exercise jurisdiction in the underlying case of Michelle L.M. v. Jean-Paul L., Wood County Juvenile Court Case No. 1994-JG-2888, a parental rights action. Respondent filed an answer and a motion to dismiss the complaint in prohibition. Respondent contends that the trial court continues to have jurisdiction over the parental rights issues in the underlying case, despite relator's filing of a consolidated appeal from two orders of the trial court.
 {¶ 2} The original visitation and custody order involving the minor child was included in a consent judgment entry in 1994. In 2000, the parents reached a new agreement regarding visitation and companionship because the mother was moving to the Czech Republic for three years. The judgment entry reflecting that agreement was filed on September 12, 2000 and included procedures to be followed upon the mother's return to the United States. Specifically, the mother was to live within a certain geographic area upon her return.
 {¶ 3} Following her return to the United States, the mother notified the father-relator of her intent to relocate with the child to Wisconsin. In response, on September 30, 2005, relator filed a motion to modify the allocation of parental rights and responsibilities, and objection to relocation of the minor child, among other motions. Father argued that the September 12, 2000 order was to have included the word "permanent" with regard to the mother's residence upon return to the United States.
 {¶ 4} On January 18, 2006, relator filed a complaint for declaratory judgment seeking a declaration that the in-court settlement reached by the parents in 2000 prohibits the mother from removing the minor child from a stated geographic area. Relator asserted that the in-court settlement agreement was a contract subject to a declaratory judgment action. The mother filed a motion to dismiss the declaratory judgment action.
 {¶ 5} In a judgment entry of May 9, 2006, the trial court denied relator's motion for declaratory judgment and granted the mother's motion to dismiss, finding that custody determinations are governed by the best interest of the child standard and not the law governing contract interpretations and declaratory judgments. Relator filed a notice of appeal from that judgment, case no. WD-06-040.
 {¶ 6} On June 30, 2006, the trial court issued a judgment entry denying relator's motion for relief from judgment on the court's earlier denial of relator's motion for a nunc pro tunc entry to include the word "permanent" in the September 12, 2000 judgment entry. Relator filed a notice of appeal from that judgment, case no. WD-06-051. The two appeals were consolidated by order dated July 24, 2006 under case no. WD-06-040.
 {¶ 7} Relator's objection to relocation of the minor child was scheduled for an evidentiary hearing in the trial court to be held on August 29, 2006. On August 11, 2006, relator filed the instant complaint in prohibition seeking a writ from this court preventing the trial court from proceeding with that hearing or any other action until resolution of the pending consolidated appeal.
 {¶ 8} Pursuant to Civ.R. 12(B)(6), a complaint or petition may be dismissed if it fails to state a claim for which relief can be granted. The complaint may be dismissed only where, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in favor of the nonmoving party, it appears beyond doubt from the face of the complaint that "no provable set of facts warrants relief." State ex rel.Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565,570. A writ of prohibition "* * * is an extraordinary writ, the purpose of which is to challenge the jurisdiction of a court to act." State ex rel. News Herald v. Ottawa Cty. Court of CommonPleas, Juv. Div. (1996), 76 Ohio St.3d 1203, 1203. The writ will be issued only if a relator can prove: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists."State ex rel. Starner v. DeHoff (1985), 18 Ohio St.3d 163, 164.
 {¶ 9} In his motion to dismiss, respondent claims that the orders from which relator appeals are not final appealable orders. In turn, relator raises the issue of respondent judge's apparent lack of standing to raise the issue in the context of the instant complaint in prohibition. It is true that respondent is not a party to the separate consolidated appeal pending before this court. However, although no standing issue was apparently raised, in the context of a complaint in prohibition against a judge, we have previously still declared an order from a respondent judge "a final, appealable order subject to appellate review." See State ex rel. Blanchard Valley Health Assoc. v.Bates, 6th Dist. No. L-06-1165, 2006-Ohio-2621 at ¶ 8. Likewise, we will address the final appealable order issue.
 {¶ 10} R.C. 2505.02 defines what types of orders are final and appealable. R.C. 2505.02 states, in pertinent part:
 {¶ 11} "* * * (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; * * *"
 {¶ 13} Regarding the status of the trial court's dismissal of relator's declaratory judgment action, we find that it was a final appealable order since it affected a substantial right in the declaratory judgment action that in effect determined that action and prevented a judgment. Relative to the trial court's denial of relator's motion for relief from judgment, in general, a denial of a Civ.R. 60(B) motion for relief from judgment is a final appealable order. Ullmann v. Duffus, 10th Dist. No. 05AP-299, 2005-Ohio-6060 at ¶ 33; Carter v. City of Cleveland
(Nov. 2, 2000), 8th Dist No. 77469; Shaheen v. Vassilakis
(1992), 82 Ohio App.3d 311, 315.
 {¶ 14} Accordingly, from our preliminary review at this original action stage, the orders that are the subject of relator's consolidated appeal were final, appealable orders subject to appellate review. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94, 97, * * *. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept.
(1990), 51 Ohio St.3d 43, 44, * * *." In re. S.J.,106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 9; See State ex rel. BlanchardValley Health Assoc. v. Bates, 6th Dist. No. L0-6-1165,2006-Ohio-2621.
 {¶ 15} Relator filed his notice of appeal from the trial court's dismissal of his declaratory judgment action on May 18, 2006, and filed his notice of appeal from the trial court's denial of his motion for relief from judgment on July 6, 2006. In the consolidated appeal, relator has put the linchpin issue before this court: whether the best interest of the child standard supplants the enforceability of contractual agreements — specifically, with reference to the residency of the child. Accordingly, respondent has been divested of jurisdiction to proceed with a trial on the merits of relator's objection to relocation. The second prong of the test has been satisfied.
 {¶ 16} Finally, under the unique circumstances of the relocation issues that must be sorted out in the present case, we conclude that relator has no adequate remedy at law. Respondent points out that relator could appeal any decision arising out of a ruling on the objection to relocation. However, relator is entitled to have the linchpin question answered before the trial court proceeds with this case.
 {¶ 17} As to the remaining arguments raised in respondent's motion to dismiss, those arguments go to the merits of the appeal from respondent's May 9, 2006 and June 30, 2006 orders. We will await briefs and arguments on the consolidated appeal before addressing them. Therefore, respondent's motion to dismiss is denied. Further, respondent's objections to amendment of alternative writ are moot.
 {¶ 18} Upon consideration whereof, this court finds that relator's petition in prohibition is well-taken. The court hereby issues a writ of prohibition ordering respondent, Judge David E. Woessner of the Wood County Court of Common Pleas, Juvenile Division, to cease exercising jurisdiction in Michelle L.M. v. Jean-Paul L., Wood County Juvenile Court Case No. 1994-JG-2888, until this court rules on the merits in the appeal from respondent's orders of May 9, 2006 and June 30, 2006. A copy of this writ shall be served upon respondent personally by the Clerk of the Court of Wood County, who is hereby specially authorized to serve this writ upon respondent. The clerk shall verify, by affidavit, the time, place and manner of service and file such verification upon completion of the service. Further, pursuant to Civ.R. 58(B), the clerk shall serve upon all other parties notice of this judgment and its date of entry upon the journal. Costs to respondent.
 {¶ 19} It is so ordered.
PETITION GRANTED.
Handwork, J. Pietrykowski, J. Singer, P.J., concur.